**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4282

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES BOWERS JOHNSON,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.   Norman K. Moon, Senior District Judge.   (6:12-cr-00015-NKM-1)

Argued:  March 19, 2014                    Decided:  May 12, 2014

Before MOTZ, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Paul Graham Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Katie Bagley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF**: Kathryn Keneally, Assistant Attorney General, Frank P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy Section, Gregory Victor Davis, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Timothy J. Heaphy, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant James Bowers Johnson ("Appellant") was convicted by a jury of four counts of violating the Internal Revenue Code ("IRC"); one count of corruptly obstructing or impeding, or endeavoring to obstruct or impede, the due administration of the IRC, in violation of 26 U.S.C. § 7212(a), and three counts of willfully failing to file income tax returns, in violation of 26 U.S.C. § 7203. On appeal, Appellant argues the district court abused its discretion by admitting evidence of other bad acts, that is, evidence that he evaded his obligation to pay child support. Appellant also argues the district court violated the Fifth Amendment by constructively amending Count One of the indictment.

First, because the challenged evidence was relevant to Appellant's mental state, we hold that the district court did not abuse its discretion in admitting it and did not commit plain error otherwise. Second, because the district court's instructions to the jury did not broaden the bases for conviction beyond those charged in the indictment, we hold that the district court did not constructively amend the indictment. Therefore, we affirm the judgment of the district court.

I.

On April 5, 2012, a federal grand jury in the Western District of Virginia returned a four-count indictment charging

3

Appellant with violations of the IRC. Count One titled, "Corrupt Endeavor to Obstruct, Impede, and Impair the Due Administration of the Internal Revenue Code," charged Appellant with violating 26 U.S.C. § 7212(a) of the IRC. J.A. 14.[1] Specifically, Count One of the indictment charged, in part:

> Beginning in or about January 2001 and continuing thereafter up to at least May of 2010, in the Western Judicial District of Virginia and elsewhere, JAMES BOWERS JOHNSON did corruptly obstruct and impede [sic] to obstruct and impede the due administration of the Internal Revenue Code by: submitting alleged financial instruments to the United States Department of Treasury; using bogus trusts and other nominees; failing to file income tax returns; creating nominees to obscure ownership in, control of, and income from the assets, including business income and rental receipts; and engaging in conduct the likely effect of which was to mislead and to conceal, including the acts detailed below.

Id. at 16-17. As further detailed in Count One, from 2000 through at least 2009, Appellant was self-employed and resided in Winchester, Virginia. Appellant received gross income from several sources, including the sale of prepaid telephone cards, rental receipts, and capital gains. Between 2000 and 2007, Appellant received over $1 million in gross receipts, but despite exceeding the filing threshold for each of those years,

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

he did not file individual income tax returns. The remaining three counts of the indictment charged Appellant with willfully failing to file income tax returns for tax years 2005, 2006, and 2007, in violation of 26 U.S.C. § 7203.

Appellant's jury trial spanned four days from January 15-18, 2013. Relatively few material facts were in dispute. The Government's theory was that Appellant acted willfully and in bad faith to enrich himself by concealing income from the Internal Revenue Service ("IRS"). In this vein, the Government's witnesses testified that Appellant established and used entities, such as limited liability companies and trusts, to conceal his income and assets and avoid paying taxes. According to these witnesses, Appellant directed tenants of his rental properties and customers of his phone card business to make payments to him with money orders issued to his various entities. Additionally, the Government presented evidence that Appellant utilized a "warehouse bank," a commercial bank account called MYICIS in which customers' deposits are commingled. Because the money orders were issued in the name of MYICIS, the funds could not be traced to Appellant.

Appellant's sole defense at trial was that he did not act with the requisite mens rea to be found guilty of obstructing the IRC or willfully failing to file tax returns, even though he conceded that he had sufficient income to trigger

5

the requirement to file tax returns in 2005, 2006, and 2007, and failed to do so. During his opening statement, Appellant's counsel told the jury that Appellant was a well-educated, family man, who believed in good faith, after much research on the issue, that the tax system was voluntary and did not apply to him.

Throughout its case in chief, the Government entered numerous exhibits into evidence. Appellant takes issue with only three: Government Exhibits 40-1,[2] 40-2,[3] 40-3.[4] These exhibits each contained letters sent from Appellant to various state agencies articulating his reasons for not paying child support. On the second day of trial, Appellant's counsel

---

[2] Government Exhibit 40-1 is a letter titled, "Letter Rogatory Under Seal of County Notary-at-Large, Return of Defective Process by Foreign State in the Nature of a Solemn Affirmation of a Sovereign Man in the presence of Yahweh," dated September 24, 2009, sent from Appellant to the Winchester Juvenile and Domestic Relations District Court.

[3] Government Exhibit 40-2 contained several documents mailed from Appellant to the Virginia Department of Social Services. The documents included a copy of a money order dated June 11, 2009, purporting to pay $4,500.00 to the Virginia Division of Child Support Enforcement. The letter accompanying the money order indicated that it would be processed by the IRS and the funds were to be withdrawn from the United States Treasury Trust Account in Appellant's name.

[4] Government Exhibit 40-3 contained two notices sent from Appellant in August and September, 2009, to the Virginia Department of Social Services. Appellant threatened suit because his money order, shown in Government Exhibit 40-2, was not used to satisfy his child support debt.

objected to the introduction of Government Exhibit 40-1.  The

following colloquy occurred:

> [GOVERNMENT COUNSEL]:  Your Honor, I move into evidence Government's Exhibit 40-1, which is an official record from the court in Winchester.
>
> [APPELLANT'S COUNSEL]:  I object to the relevance, Your Honor.  I'm not sure how this is relevant to the tax matter at hand.
>
> [GOVERNMENT COUNSEL]:  The relevance, in opening statement it was brought up in regards to Mr. Johnson's focus on not paying income taxes, what -- he has used these types of documents in other instances to avoid his legal obligation, including child support, which this document establishes.
>
> [APPELLANT'S COUNSEL]:  The legal obligations he's charged with failing to comply with are his tax obligations, not any child support obligations.  So I think the relevance, if any, is sort of minimal.
>
> [GOVERNMENT COUNSEL]:  It goes to --
>
> THE COURT:  Why don't we come around?
>
> (At sidebar.)
>
> [APPELLANT'S COUNSEL]:  I don't have anything to add, Your Honor.
>
> THE COURT:  I'm sorry?
>
> [APPELLANT'S COUNSEL]:  I don't have anything to add.  It is just that, you know, these child support matters, the bankruptcy matters, I think they are sort of far afield from the issue at hand, which is whether he failed to file tax returns or corruptly impeded the IRS in collecting taxes.  I mean, it is more of the same stuff, but it is --

7

THE COURT: Well, I know, but he has excused his tax thing that he has this firm belief that he went through all of this to avoid taxes. And if he is doing it to avoid all of his debts, it would tend to show that it wasn't necessarily he was trying to avoid taxes. It would seem it is just sort of -- it would just show a pattern of greed, that he didn't pay anybody.

[APPELLANT'S COUNSEL]: If it shows that --

THE COURT: Okay. So I'm going to allow it. I mean, I -- I mean, I think, you know, it is the kind of evidence -- the prejudice could outweigh the probative value, but I think it is very probative here where we have heard this opening statement of what a wonderful caring person this is and that, you know, it is just -- his problem is just with taxes. It doesn't seem to be that. It is just 'I don't pay anybody.' So -- but I think -- so I think the probative value outweighs the prejudice.

J.A. 305-07. After questioning the Government's witness -- Appellant's house guest who signed the exhibits as a "witness" or "notary-in-fact" -- the Government then moved for the admission of Government Exhibits 40-2 and 40-3. Appellant's counsel did not object to the admission of these two exhibits.

The only evidence presented in Appellant's defense was his own testimony. Appellant testified that sometime in late 1996 or 1997, he purchased a series of tapes from Global Prosperity Group, which discussed "Congress, revolution, banking, government, anything that deals with a historical context for understanding . . . what we are doing. Taxation

8

obviously, was one of them." J.A. 493. According to Appellant, these tapes did not necessarily state, "You are not required [to pay taxes]," but the tapes provided information on the role of government, i.e. "the roles and the powers of taxation that [the government] has." Id. Appellant further testified he eventually began attending educational seminars of similar topics where he met like minded individuals and began affiliating with tax protesting groups such as Save-A-Patriot Fellowship and We the People Congress.

Appellant testified that through his involvement with these organizations and his own research, he came to believe that the IRC has been misapplied under the Constitution. Appellant reasoned that the Sixteenth Amendment, giving Congress the authority to impose an income tax, does not apply to him because he was "outside of the jurisdiction of the U.S. as far as not living or working in the U.S." and "wages are not income as far as [his] understanding of the federal tax code." J.A. 508-09. Therefore, Appellant testified he "believe[ed] the system is . . . a voluntary system." Id. at 509.

At the close of evidence, the district court instructed the jury as to Count One:[5]

---

[5] Appellant's counsel raised no objection below to the following jury instructions.

9

Count One of the indictment charges the defendant with violating section 7212(a) of the Internal Revenue Code -- section 7212(a) of the Internal Revenue Code which provides, in pertinent part, as follows: Title 26, United States Code, Section 7212(a) states in pertinent part that, "whoever corruptly obstructs or impedes or endeavors to obstruct or impede the due administration of this title" shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of obstructing the due administration of the Internal Revenue Code as alleged in Count One of the indictment, the government must prove the following elements beyond a reasonable doubt:

One, that during the time period stated in the indictment the Internal Revenue Service tried to ascertain, assess, compute, and collect federal income taxes, federal employment taxes, and penalties for the defendant;

Two, that the defendant knew that the Internal Revenue Service was attempting to duly administer the Internal Revenue Code; and

Three, that the defendant then corruptly obstructed, impeded, or endeavored to obstruct or impede the due administration of the Internal Revenue Code as detailed in the indictment. . . .

An endeavor is any effort or any act or attempt to effectuate an arrangement or to try to do something, the natural and probable consequences of which is to obstruct or impede the due administration of the Internal Revenue laws.

J.A. 581-83. On January 18, 2013, the jury convicted Appellant on all four counts as alleged in the indictment.

10

On April 11, 2013, the district court sentenced Appellant to a total of 48 months imprisonment: 36 months on Count One and 12 months on each of Counts Two through Four, to be served concurrently with each other and consecutively to the term imposed on Count One. Additionally, the district court held Appellant in criminal contempt for his disruptive conduct during the sentencing hearing.[6] The court tacked on 30 days of imprisonment for Appellant's contempt, to run consecutively to the rest of his sentence.

Judgment was entered on April 15, 2013. Appellant timely appealed, alleging the district court abused its discretion by admitting evidence of Appellant's other bad acts and violated the Fifth Amendment by constructively amending Count One of the indictment.

II.

We generally review evidentiary rulings for abuse of discretion. See United States v. Hassan, 742 F.3d 104, 130 (4th Cir. 2014). "In reviewing an evidentiary ruling under that standard, we will only overturn a ruling that is arbitrary and

---

[6] For example, when asked to sit down by a marshal in the courtroom, Appellant exclaimed, "[u]nhand me sir. There's no reason to grab me like that." J.A. 1815. The court responded, "He didn't grab you. I asked you to sit down." Id. Appellant then stated to the court, "I said, sir, I asked you to be recused. And I fired you." Id.

irrational." Id. (internal quotation marks and alterations omitted). However, when a party fails to object at trial to evidence challenged on appeal, we view the district court's admission of that evidence for plain error. See United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006); see also Fed. R. Crim. P. 52(b).

"We review de novo the legal question of whether there has been a constructive amendment of an indictment." United States v. Whitfield, 695 F.3d 288, 306 (4th Cir. 2012). "[I]n this circuit constructive amendments are erroneous per se and require reversal regardless of preservation." Id. at 309 (internal quotation marks omitted); see also United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) ("Thus, a constructive amendment violates the Fifth Amendment right to be indicted by a grand jury, is error per se, and must be corrected on appeal even when the defendant did not preserve the issue by objection." (emphasis in original)).

III.

A.

Evidentiary Challenges

Appellant first contends the district court erroneously admitted evidence that he evaded his obligation to pay child support, that is, Government Exhibits 40-1, 40-2, and 40-3. According to Appellant, the district court abused its

discretion per Rules 403 and 404(b) of the Federal Rules of Evidence when it admitted this prejudicial evidence over Appellant's objection. Appellant further contends that this "error was far from harmless." Appellant's Br. 6.

The Government argues that the district court properly admitted the exhibits. According to the Government, Appellant objected to the admission of only one of these exhibits, Government Exhibit 40-1, and only pursuant to relevance, and did not object at all to the admission of Government Exhibits 40-2 and 40-3. The Government further contends the district court did not abuse its discretion or commit plain error in admitting the exhibits, which were relevant to the issue of Appellant's intent. Per the Government's view, the documents demonstrated that Appellant did not hold a good faith belief that he was not subject to the tax laws, but rather he sought to avoid meeting his financial obligations generally, including paying child support. Additionally, the Government argues Appellant fails to establish that admitting the documents was plain error under Federal Rule of Evidence 404(b).

### 1.

Before addressing the merits of Appellant's evidentiary challenges, we must first determine the appropriate lens through which to view them. Pursuant to Rule 103 of the Federal Rules of Evidence, in order to preserve a claim of error

13

for the admission of evidence, a party must "timely object[] or move[] to strike" and "state[] the specific ground, unless it was apparent from the context." Fed. R. Evid. 103(a)(1). Therefore, in order to be subject to an abuse of discretion review, "[a]n objection to the admission of evidence must be both specific and timely." United States v. Cabrera-Beltran, 660 F.3d 742, 751 (4th Cir. 2011) (emphasis supplied). Appellant's only specific and timely objection was to relevance under Rule 403 with respect to a single exhibit: Government Exhibit 40-1. He did not object at all to the admission of Government Exhibits 40-2 and 40-3.

When making the objection to Government Exhibit 40-1, Appellant's counsel stated, "I object to the relevance, Your Honor. I'm not sure how this is relevant to the tax matter at hand." J.A. 305. Appellant's counsel never stated, as he argues now, that the objection was also made pursuant to Rule 404(b)'s prohibition of crimes, wrongs, and other acts used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Although counsel need not cite the particular rule upon which an objection is based, the objection must be of sufficient specificity to afford the district court and the Government the opportunity to respond to the alleged error below. Appellant's objection fell below this standard.

14

Accordingly, we will view Appellant's Rule 403 objection to Government Exhibit 40-1 pursuant to an abuse of discretion standard and his Rule 404(b) challenge to Government Exhibit 40-1 under the plain error standard. Given the lack of any objection at all below to Government Exhibits 40-2 and 40-3, the admission of that evidence will be reviewed for plain error.

2.

Appellant was charged with four violations of the IRC. Count One charged Appellant with violating 26 U.S.C. § 7212(a). Section 7212(a) of the IRC provides that "[w]hoever corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both." 26 U.S.C. § 7212(a) (emphasis supplied). Counts Two through Four charged Appellant with violating 26 U.S.C. § 7203. That statute states that a person who willfully fails to file a return who is required to do so is subject to the imposition of a fine not exceeding $25,000, and to a term of imprisonment of up to one year. See 26 U.S.C. § 7203. Thus, the Government was required to prove that Appellant acted "corruptly" (as to Count One) and "willfully" (as to Counts Two through Four).

A person acts corruptly within the meaning of § 7212(a) by acting "with the intent to secure an unlawful

15

benefit either for oneself or for another." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Willfulness, in the context of § 7203, means the "'voluntary, intentional violation of a known legal duty.'" United States v. Rogers, 18 F.3d 265, 267 n.4 (4th Cir. 1994) (quoting Cheek v. United States, 498 U.S. 192, 201 (1991)).

According to the Government, Government Exhibit 40-1, a letter from Appellant responding to the Winchester Juvenile and Domestic Relations District Court's order directing him to appear and explain why he had not made the requisite child support payments, was filled with nonsensical statements about the federal government and its lack of jurisdiction over Appellant. Therefore, the Government reasons that Government Exhibit 40-1, as well as Government Exhibits 40-2 and 40-3, which were substantially similar to Government Exhibit 40-1, were relevant and admissible as probative of Appellant's mental state and intent, i.e. his corruptness and willfulness. The district court agreed, and we conclude the district court did not abuse its discretion.

As the Government points out, the fact that Appellant made the same arguments to other agencies as an excuse for non-payment of an obligation, makes it more probable that Appellant's asserted beliefs about the applicability of the tax laws were not sincerely held, but that instead, Appellant merely

16

wielded whatever claims he thought would be useful in an effort to avoid paying his legal obligations, tax or otherwise.

Therefore, we conclude the district court's admission of Government Exhibit 40-1 was not an abuse of discretion in the face of a Rule 403 objection. Because we conclude that Government Exhibits 40-2 and 40-3 were sufficiently similar to Government Exhibit 40-1, it is unnecessary to also conduct a plain error review in this regard. See, e.g., United States v. Palacios, 677 F.3d 234, 245 n.6 (4th Cir. 2012) ("Our review of the record indicates that Palacios objected to some, but not all, of this testimony at trial. . . . Because we conclude that Palacios's arguments fail [under an abuse of discretion review] even assuming he preserved an objection to every statement, we do not distinguish between the statements to which Palacios objected and those he did not.").

3.

Appellant also challenges the child support evidence, i.e., Government Exhibits 40-1, 40-2, and 40-3, pursuant to Rule 404(b) claiming the evidence fell short of the requirements for the admission of character evidence. Rule 404(b) provides: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character."[7]
Fed. R. Evid. 404(b)(1). However, such evidence "may be
admissible for another purpose, such as proving motive,
opportunity, intent, preparation, plan, knowledge, identity,
absence of mistake, or lack of accident." Fed. R. Evid.
404(b)(2).

As noted, because Appellant failed to lodge a Rule
404(b) objection below, we review for plain error. To reverse
for plain error, we must find that there was an error, that the
error is plain, and that it affected Appellant's substantial
rights. See United States v. Olano, 507 U.S. 725, 732-35
(1993). "The correction of plain error lies within our
discretion, which we may exercise if the error seriously affects
the fairness, integrity or public reputation of judicial
proceedings, or the defendant is actually innocent." United
States v. Keita, 742 F.3d 184, 189 (4th Cir. 2014) (internal
quotation marks and alterations omitted).

We have held that prior bad acts are admissible under
Rule 404(b) when the following criteria are met:

> (1) The evidence must be relevant to an
> issue, such as an element of an offense, and

---

[7] "Rule 404(b) was amended in December 2011 . . . . Thus, the appropriate rule for the appeal is the current version of Rule 404(b)." United States v. Williams, 740 F.3d 308, 314 n.5 (4th Cir. 2014).

18

must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact finding process.

United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014) (quoting United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997)). According to Appellant, the evidence fails in all four categories.

Under a plain error review, however, it is clear that the district court's analysis satisfies this analytical framework. The relevancy analysis conducted by the district court satisfies the first and second criteria because the evidence was probative of an element of the crime charged, that is, of Appellant's state of mind -- his corrupt and willful intent. Appellant does not argue that the evidence is unreliable. Therefore, we are left with only the fourth criterion. "The fourth factor reflects that the proffered 404(b) evidence must satisfy Rule 403. Unfair prejudice exists when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is

19

disproportionate to the probative value of the offered evidence." Williams, 740 F.3d at 314 (internal quotation marks omitted). Here, the district court specifically concluded, "I think the probative value outweighs the prejudice." J.A. 307. Upon review, we cannot conclude that the district court erred in this determination.

Accordingly, we hold there was no error here, let alone plain error.

B.

Fifth Amendment Challenge

Appellant next contends the district court violated the Fifth Amendment by constructively amending Count One of the indictment. The Fifth Amendment to the United States Constitution, provides in relevant part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const. amend. V. The Fifth Amendment necessarily "guarantees that a criminal defendant will be tried only on charges in a grand jury indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks omitted). "When the government, through its presentation of evidence and/or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a

20

constructive amendment -- sometimes referred to as a fatal variance -- occurs." Id. "To constitute a constructive amendment, the incongruity must in fact change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Whitfield, 695 F.3d 288, 309 (4th Cir. 2012) (internal quotation marks omitted).

Count One of the indictment charged Appellant with a violation of 26 U.S.C. § 7212(a). Section 7212(a) criminalizes both successful and unsuccessful attempts to impede the IRS. See United States v. Bostian, 59 F.3d 474, 479 (4th Cir. 1995) ("[O]nly intent to impede, not successful impediment, is necessary for § 7212(a) to be violated.").

Tracking the language of the statute charged, Count One of the indictment was titled "Corrupt Endeavor To Obstruct, Impede, and Impair the Due Administration Of the Internal Revenue Code." J.A. 14. However, the body of the indictment charged that Appellant "did corruptly obstruct and impede [sic] to obstruct and impede the due administration of the Internal Revenue Code."[8] Id. at 16. The district court instructed the jury on the meaning of the word "endeavor," defining it as "any

_____

[8] According to the Government, this was a typographical error as the indictment was meant to mirror the statute.

effort or any act or attempt to effectuate an arrangement or to try to do something, the natural and probable consequences of which is to obstruct or impede the due administration of the Internal Revenue laws." Id. at 583.

Appellant contends the trial court constructively amended Count One of the indictment when it informed jurors Appellant could be found guilty of violating 26 U.S.C. § 7212(a) if he merely "endeavored" to obstruct or impede the IRS. According to Appellant, he was not charged with "endeavoring" to obstruct or impede the IRS, and the trial court's jury instructions improperly broadened the basis of conviction alleged in Count One. The Government, however, correctly points out that even if the indictment were given the strict reading promoted by Appellant, the jury was entitled to convict Appellant of a lesser-included offense, i.e., attempt, which is the equivalent of "endeavoring." See Fed. R. Crim. P. 31(c) ("A defendant may be found guilty of any of the following: (1) an offense necessarily included in the offense charged; (2) an attempt to commit the offense charged; or (3) an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right.").

Because the district court's instructions did not broaden the bases for conviction beyond those charged in the indictment, the district court did not constructively amend the

22

indictment.  See Randall, 171 F.3d at 203.  The indictment plainly charged Appellant with a violation of § 7212(a), which criminalizes both intent to impede and successful impediment of the due administration of the IRC.  Therefore, the district court's instruction on the definition of "endeavor" did not "change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment."  Whitfield, 695 F.3d at 309 (internal quotation marks omitted).  Moreover, as the Government submits, even if we were to find otherwise, the jury was entitled to convict Appellant of a lesser-included offense, i.e., attempt, which we conclude is the equivalent of "endeavoring."  See Fed. R. Crim. P. 31(c).

IV.

Pursuant to the foregoing, the judgment of the district court is

AFFIRMED.