**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4784**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTONIO HILL, JR., a/k/a NuNu,

        Defendant – Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:12-cr-00375-AW-3)

───────────────

Argued: March 26, 2015           Decided: April 13, 2015

───────────────

Before TRAXLER, Chief Circuit Judge, DUNCAN, Circuit Judge, and DAVIS, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ARGUED:** Steven Kiersh, Washington, D.C., for Appellant. James I. Pearce, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Sujit Raman, Chief of Appeals, A. Zoe Bedell, Student Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Hill pleaded guilty to conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The court sentenced him to 140 months' imprisonment. Hill now appeals from the denial of his motion to suppress evidence, arguing that it stemmed from an illegal search. For the following reasons, we affirm.[1]

I.

A.

In 2011, while surveilling an apartment building in New Carrollton, Maryland, two police officers saw Dominic Hill ("Dominic"), Appellant's brother, on a third-floor balcony. They later observed Dominic conducting what they believed to be a narcotics transaction on the sidewalk outside the building. The next day, the officers stopped Dominic in the street and asked for his name and destination. Dominic gave his name and explained that he did not live in the area and was waiting for a bus home after visiting a friend. To corroborate his story,

---

[1] We decide this appeal on the merits as presented by the parties. The government did not preserve the issue of cognizability.

Dominic handed the officers a set of keys, unasked, and said, "[L]ook, I don't even have a car. [These are] the only keys I have." J.A. 163.

The officers took the keys to the third-floor apartment where they had observed Dominic the day before and attempted a key turn at the apartment's front door. One of the keys fit, and the officers unlocked then relocked the door, without opening it, and withdrew the key. The officers then knocked on the door and identified themselves as police. From inside, Erico Hill ("Erico"), another defendant later charged in the indictment, asked, "Who is it?" J.A. 164. The officers once again identified themselves as police, and Erico opened the door.

From their vantage point in the hallway, the officers saw marijuana inside the apartment. The officers entered the apartment, handcuffed Erico, and detained him on the couch. While one officer stayed with Erico, the other conducted a protective sweep, observing in plain view additional marijuana, currency, and a firearm. The officers then secured the apartment, applied for and obtained a search warrant, and waited for the narcotics enforcement division to arrive.

This search led to a federal investigation and, nearly two years later, an indictment charging ten defendants, including Appellant, with drug-related crimes.[2]

B.

Appellant moved to suppress all evidence against him as fruit of the poisonous tree based on the warrantless search of the apartment. The court denied the motion for several reasons. First, the court ruled that the key turn was not a search, agreeing with the government that persuasive authority compelled that result. Second, the court ruled that the presence of marijuana in plain view justified warrantless entry into the apartment because "[b]y the time [the police could] get a warrant, obviously the marijuana wouldn't still be there." J.A. 204. Finally, the court ruled that the protective sweep was permissible because the officers did not find any evidence other than what was in plain view and did not seize any evidence prior to obtaining a warrant. This appeal followed.

II.

A.

---

[2] Testimony in the record suggests that Appellant resided in the apartment at the time of the search, although he was not present when it occurred.

4

In reviewing a denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Williams, 740 F.3d 308, 311 (4th Cir. 2014).

B.

Appellant contends on appeal that Erico involuntarily opened the apartment door in response to the officers' demands under color of authority. Thus, Appellant submits that the officers conducted an illegal search by viewing marijuana in the apartment through the opened door, and that all evidence gathered as a result of this search was fruit of the poisonous tree. We disagree.

It is well established that a knock and announcement, without more, does not constitute a demand under color of authority. See Kentucky v. King, 131 S. Ct. 1849, 1863 (2011) (stating that "[t]here [was] no evidence of a 'demand' of any sort" where the officers "banged on the door as loud as [they] could" and identified themselves as police (second alteration in original)). That is all that happened here. Erico opened the door after the officers knocked and identified themselves as police. They made no accompanying demand that the door be opened.

Appellant's reliance on cases in which the police demanded under color of authority that the door be opened are therefore

5

misplaced.  See, e.g., United States v. Mowatt, 513 F.3d 395, 400 & n.3 (4th Cir. 2008) (holding that the defendant did not open a door voluntarily where he "initially refused to open his door and . . . opened it slightly after the officers had identified themselves and demanded that he open it"), abrogated on other grounds by King, 131 S. Ct. 1849.  Because Erico opened the door in response to the officers' knock and announcement only rather than in response to a demand that he open it, we conclude that he did so voluntarily.  Therefore, the officers conducted a legal search and the evidence gathered as a result was not fruit of the poisonous tree warranting suppression.


III.

For the foregoing reasons, the district court's denial of Appellant's motion to suppress evidence is

AFFIRMED.