**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4374**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LECONIE WILLIAMS, IV,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, Senior District Judge.  (8:09-cr-00443-PJM-1)

Argued:  October 31, 2013        Decided:  January 23, 2014

Before NIEMEYER  and  WYNN,  Circuit  Judges,  and  Louise  W. FLANAGAN, United States District Judge for the Eastern District of North Carolina, sitting by designation.

Affirmed by published opinion.  Judge Wynn wrote the opinion, in which Judge Niemeyer and Judge Flanagan joined.

**ARGUED**: Mary Elizabeth Davis, DAVIS & DAVIS, Washington, D.C., for Appellant.   Jonathan Allen Ophardt, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF**: Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

WYNN, Circuit Judge:

Late one night in June 2009, a police officer saw a car stopped in the middle of the road in a residential district. The officer activated his vehicle lights and the car pulled over to the side of the road. Thereafter, another officer joined in approaching the car and saw the driver, Defendant Leconie Williams, IV, remove something from his waistband and drop it inside of the vehicle. That object turned out to be a gun which led to Defendant's conviction at a jury trial of a firearm offense.

On appeal, Defendant contends that the evidence discovered during the stop should have been suppressed at trial because the traffic offense for which he was cited did not apply to the road on which he had stopped his car. Because another closely related traffic law barred the conduct for which Defendant was cited, we reject Defendant's argument. We also reject Defendant's argument challenging the exclusion of 404(b) evidence. Accordingly, we affirm.

I.

On June 12, 2009, at around 1:00 a.m., Major Joseph McCann, a Prince George's County police officer, was driving through a residential area when he saw a vehicle stopped in the "middle of the road." J.A. 34, 41, 47. As McCann approached the vehicle,

2

he saw a person who had been bent over into the driver's side window of the car stand up and walk away from the vehicle. McCann observed the vehicle sitting still in the road for thirty seconds to a minute. Defendant, the driver, waved for McCann to drive past him. McCann remained behind Defendant, who began to pull away. McCann then activated his lights, and Defendant pulled over to the side of the road.

Sergeant Edward Finn arrived and pulled up behind McCann. As the officers approached Defendant's vehicle, Finn observed Defendant remove an object from his pants and drop it with a thud onto the floorboard. The officers removed the car's three occupants, conducted a search, and found a gun on the floorboard by the driver's seat.

During the process of handcuffing the three occupants of the vehicle, Defendant stated "that's mine, that's my gun." J.A. 106. Finn cited Defendant for violating Section 21-1001(b) of the Maryland Code's Transportation Article, which prohibits leaving a vehicle standing such that it obstructs traffic.[1]

---

[1] That section provides:
Except as otherwise provided in this section, on any highway outside of a business district or a residential district, a person may not leave any vehicle standing, without providing an unobstructed width of the roadway opposite the standing vehicle for the free passage of other vehicles.
Md. Code Ann., Transp. § 21-1001(b).

3

Ultimately, the government indicted Defendant on two firearm charges: felon in possession of a firearm (Count One), in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with an altered serial number (Count Two), in violation of 18 U.S.C. § 922(k).  Before trial, Defendant moved to suppress the gun, arguing that McCann lacked probable cause to initiate the traffic stop.  The district court denied the motion because it found that McCann had a reasonable suspicion that Defendant violated a different provision of the Maryland Code— Section 21-1001(a) of the Transportation Article.[2]  The district court also granted the government's motion to exclude evidence of alleged police misconduct by McCann and Finn.[3]

The case proceeded to a trial, at which the jury could not reach a verdict on Count One and acquitted Defendant on Count Two.  A mistrial was granted on Count One.  At the second trial, on Defendant's motion, the district court re-affirmed its earlier decisions on the gun-suppression and police-misconduct

[2] That provision states:
Except as otherwise provided in this section, on any highway outside of a business district or a residential district, a person may not stop, park, or leave standing on the roadway any vehicle, whether attended or unattended, if it is practicable to stop, park, or leave the vehicle standing off the roadway.
Md. Code Ann., Transp. § 21-1001(a).
[3] Williams also moved to suppress his statements acknowledging ownership of the gun.  The district court denied the motion, and Defendant has not challenged that ruling.

4

evidence issues.  The jury found Defendant guilty on Count One, and the district court sentenced Defendant to 120 months' imprisonment.

Defendant raises two issues on appeal.  First, he argues that the district court erred by denying his motion to suppress the gun recovered from the traffic stop.  Second, he contends that the district court erred by excluding evidence of earlier alleged incidents of police misconduct.  We address each in turn.

## II.

Defendant's main argument on appeal is that the evidence seized from the car as a result of the stop should have been suppressed because McCann lacked probable cause or reasonable suspicion to stop his car.  We review factual findings regarding the motion to suppress for clear error and legal conclusions de novo.  United States v. McBride, 676 F.3d 385, 391 (4th Cir. 2012).

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]"  U.S. Const. amend. IV.  "Because an automobile stop is a seizure of a person, the stop must comply with the Fourth Amendment's requirement 'that it not be 'unreasonable' under the

5

circumstances.'" United States v. Wilson, 205 F.3d 720, 722–23 (4th Cir. 2000) (en banc) (quoting Whren v. United States, 517 U.S. 806, 810 (1996)). "As a result, such a stop 'must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct.'" Id. at 723 (quoting United States v. Hassan El, 5 F.3d 726, 729 (4th Cir. 1993)).

Probable cause exists where "the officer 'had reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'" United States v. Sowards, 690 F.3d 583, 588 (4th Cir. 2012) (alteration in original) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). Crucially, this principle holds true even for the most basic traffic offense: "'When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle.'" Hassan El, 5 F.3d at 730 (quoting United States v. Cummins, 920 F.2d 498, 500 (8th Cir. 1990)). Moreover, an officer who observes a traffic offense may have probable cause even where he has additional motives for the stop. "[I]f an officer has probable cause or a reasonable suspicion to stop a vehicle, there is no intrusion upon the Fourth Amendment. That is so regardless of the fact that the officer would not have made the stop but for some hunch or inarticulable suspicion of other criminal activity . . . ."

6

Id.; see also United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008) ("Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop.").

Finally, a police officer's inability to identify the correct code section at the time of a stop does not undermine valid probable cause or reasonable suspicion that a driver violated a traffic law. In that regard, we agree with the Sixth Circuit that

> in order for traffic stop to be permissible under the Fourth Amendment, a police officer must know or reasonably believe that the driver of the car is doing something that represents a violation of the law. This is not to say that officers must be able to, at the time of a stop, cite chapter and verse—or title and section—of a particular statute or municipal code in order to render the stop permissible.

United States v. Hughes, 606 F.3d 311, 316 (6th Cir. 2010).

This does not, however, give the government license to "look for after-the-fact justifications for stops . . . ." Id. Nor do we suggest that a police officer's mistake of law can support probable cause to conduct a stop when the underlying conduct was not, in fact, illegal. See United States v. McDonald, 453 F.3d 958, 961 (7th Cir. 2006) (collecting cases and stating that "[w]e agree with the majority of circuits to have considered the issue that a police officer's mistake of law

7

cannot support probable cause to conduct a stop. Probable cause only exists when an officer has a reasonable belief that a law has been broken. . . . An officer cannot have a reasonable belief that a violation of the law occurred when the acts to which an officer points as supporting probable cause are not prohibited by law." (internal citation omitted)).

The facts in this matter show that McCann pulled Defendant over because Defendant had stopped his car in the middle of the road. Specifically, McCann saw Defendant's vehicle positioned in the middle of the road, observed that the car was stopped in the road for at least thirty seconds, and saw Defendant's attempt to wave him past when he pulled up behind Defendant. Defendant argues that McCann incorrectly identified that conduct as illegal under Md. Code Ann., Transp. § 21-1001(b). It is true that Md. Code Ann., Transp. § 21-1001(b) does not apply to roadways in residential areas and the stop at issue here undisputedly occurred in a residential area. Therefore § 21-1001(b) could not be the basis for conducting a stop of Defendant's vehicle. Nonetheless, we uphold the trial court's determination in this matter because the conduct that McCann set forth as a basis for the stop was plainly illegal under Maryland law, albeit in a different section than the one in the traffic citation. Specifically, the transportation section of the Maryland code requires that "a vehicle that is stopped or parked

8

on a two-way roadway shall be stopped or parked parallel to the right hand curb or edge of the roadway, with its right hand wheels within 12 inches of that curb or edge of the roadway." Md. Code Ann., Transp. § 21-1004(a). Under that section, "stop" means "to halt even momentarily a vehicle, whether or not it is occupied, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or a traffic control device." Md. Code Ann., Transp. § 11-162. Thus, the conduct relied upon by McCann supported the reasonable suspicion to believe that Defendant had violated Section 21-1004(a) by stopping his car in the middle of the road for at least thirty seconds.[4]

It was precisely this conduct—conduct plainly illegal under Maryland law—for which Defendant was cited. The traffic law identified by Finn in the citation, Md. Code Ann., Transp. § 21-1001(b), was inapplicable because that section does not apply to roadways in residential areas. But because a closely related provision of the Maryland Code, Md. Code Ann., Transp. § 21-1004, barred the exact conduct that McCann observed: stopping a vehicle in the middle of the road rather than next to the curb,

---

[4] The government also made this Section 21-1004(a) argument below, though the district court's ruling focused on Section 21-1001(a).

we conclude that the district court did not err in denying Defendant's motion to suppress on that basis.

Defendant counters that even if the citation to the incorrect code section did not render the stop unlawful, the government failed to show that Defendant violated the applicable traffic law. Specifically, Defendant contends that there was insufficient evidence to show that he had stopped his car more than twelve inches from the curb. But this argument does not square with the record. McCann testified that Defendant's vehicle was stopped "in the middle of the road." J.A. 34, 41, 47. And when McCann pulled up behind Defendant, Defendant signaled to McCann to pass around him, further indicating that Defendant was stopped in the travel lane rather than on the side of the road by the curb.

The district court credited McCann's testimony and found that McCann had reasonable suspicion based on Defendant's car being in the middle of the road. Further, the district court found that "[t]here was plenty of room, according to the testimony even of the defendant's investigator, that there would have been room to stop on the side of the road for the defendant at that night." J.A. 182.

In sum, Defendant was cited for a traffic violation that McCann witnessed and immediately identified as illegal. That the traffic citation listed an incorrect, albeit closely

10

related, provision of Maryland's traffic laws does not alter the fact that, at the time McCann stopped Defendant, the Fourth Amendment's requirement that the stop "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct" had been met. Hassan El, 5 F.3d at 729. Further, Defendant has failed to show that the district court clearly erred in finding that Defendant had stopped his vehicle in the middle of the road—conduct that constituted a violation of the applicable traffic law. Therefore, we affirm the district court's denial of Defendant's motion to suppress.

III.

Defendant next argues that the district court improperly excluded evidence of prior police misconduct. Specifically, Defendant sought to have admitted evidence of alleged police misconduct by McCann and Finn. The district court excluded the evidence under Federal Rule of Evidence 404(b), a decision we review for abuse of discretion. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). We "will not find a district court 'to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary and irrational.'" United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011)

11

(quoting United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002)).

Rule 404(b) allows for the admission of evidence of other crimes or wrongs for purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).[5] We apply a four-factor test for determining the admissibility of evidence under this rule:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). The fourth factor reflects that the proffered 404(b) evidence must satisfy Rule 403. Unfair prejudice exists "'when there is a genuine risk that the emotions of a jury will be excited to

---

[5] Rule 404(b) was amended in December 2011, but this does not change the analysis in this case. The district court's August 2011 decision granting the government's motion in limine to preclude evidence of police misconduct was properly made under the old version of the rule. However, the district court reaffirmed its own earlier decision in January 2012, before the second jury trial. Thus, the appropriate rule for the appeal is the current version of Rule 404(b).

irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" Byers, 649 F.3d at 210 (quoting United States v. Siegel, 536 F.3d 306, 319 (4th Cir. 2008)). "[W]e defer to the district court's Rule 403 balancing using these or other factors 'unless it is an arbitrary or irrational exercise of discretion.'" United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007) (quoting United States v. Heater, 63 F.3d 311, 321 (4th Cir. 1995)).

In this case, Williams sought to admit documents from three civil suits that alleged police misconduct against McCann and Finn. The first suit involved allegations from 1999 that McCann slapped a suspect in the back of the head, pushed his head into a window multiple times, and threatened the suspect by telling him that if he tried to run "we all have guns." J.A. 213-14, 221-22. The suspect was also allegedly "choked" during his interactions with McCann and another officer. J.A. 221. The second suit involved McCann's alleged role in coercing a confession from another suspect, Corey Beale, in 1998. The third suit involved excessive force allegations against Finn dating back to 2000. The government moved to exclude all evidence regarding the three civil lawsuits. Relying on Rule 403, the district court granted the government's motion, holding that the dated civil allegations of police misconduct were only marginally relevant, would be confusing to the jury, and would

13

be time-consuming at trial. The district court later re-affirmed this decision before the second trial for Count One.

Upon careful review, we cannot conclude that the district court's decision to exclude the evidence was either "arbitrary" or "irrational." Kelly, 510 F.3d at 437. First, the proffered evidence, which included civil complaints and motions from incidents dating back well over a decade ago, had minimal probative value to Defendant's criminal case. Further, settlement materials Defendant sought to introduce may have presented admissibility problems. See, e.g., Fed. R. Evid. 408. And the district court did not act irrationally in concluding that these barely, if at all, probative materials likely would have been confusing to the jury and time-consuming.

IV.

For the foregoing reasons, we hold that the district court properly denied Defendant's motion to suppress and also did not err in excluding the evidence of previous police misconduct allegations against McCann and Finn.

AFFIRMED

14