**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4612**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES PAGE HAINES, III,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:12-cr-00057-GMG-DJJ-3)

───────────────

Submitted: August 27, 2014        Decided: August 29, 2014

───────────────

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Page Haines was sentenced to ninety-two months of imprisonment following his conviction by a jury of conspiracy to distribute twenty-eight grams or less of cocaine base, three counts of distributing cocaine base, distributing heroin, and maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 841(a), 846, 856 (2012). On appeal, Haines claims that the district court erred in admitting evidence of his prior narcotics distribution under Fed. R. Evid. 404(b) and improperly enhanced his offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(12) (2012). We affirm.

Evidence of prior bad acts may be admitted as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" but "not . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [his] character." Fed. R. Evid. 404(b); see United States v. Wilson, 624 F.3d 640, 651 (4th Cir. 2010). "To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). Potential Rule 404(b) evidence should be excluded if its probative value is substantially outweighed by

its unfair prejudice to the defendant. United States v. Johnson, 617 F.3d 286, 296-97 (4th Cir. 2010).

Here, there was an adequate connection between Haines' June 2012 narcotics distribution, which supported his present convictions, and the challenged Rule 404(b) evidence — namely Haines' participation in several controlled buys in early 2010. See id. Those earlier controlled buys involved Haines facilitating the sale of substantially the same varieties of drugs to the same confidential informants in the same geographic area as his instant offenses. Thus, the 2010 controlled buys were relevant. See United States v. Branch, 537 F.3d 328, 341-42 (4th Cir. 2008); United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (reaching same result under analogous facts).

The evidence of the 2010 controlled buys was also necessary to the Government's case. Because Haines squarely placed his knowledge and intent at issue, evidence of his repeated, analogous drug transactions was instrumental to the Government's case. See United States v. McBride, 676 F.3d 385, 398 (4th Cir. 2012). Finally, the prejudice to Haines resulting from the admission of the Rule 404(b) evidence did not substantially outweigh its probative value. Accordingly, the district court did not abuse its discretion in admitting the challenged evidence. See United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014) (stating standard of review).

3

Next, Haines claims that the district court's application of USSG § 2D1.1(b)(12) constituted impermissible double counting in light of his conviction under 21 U.S.C. § 856. We review this claim for plain error. See Puckett v. United States, 556 U.S. 129, 134-36 (2009) (discussing standard). We conclude that the district court did not err — plainly or otherwise — because the Guidelines do not proscribe applying § 2D1.1(b)(12) where a defendant is convicted under § 856. See USSG § 2D1.1 cmt. n.17; see United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010) ("[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines.").

Finally, Haines contends that the district court clearly erred in finding that narcotics distribution was a primary purpose for which he maintained his residence. See United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (stating standard of review). However, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." USSG § 2D1.1 cmt. n.17. We conclude that the evidence before the district court was clearly sufficient to support its application of § 2D1.1(b)(12) despite the fact that Haines had lived in his

4

home his entire life.  See United States v. Miller, 698 F.3d 699, 706-07 (8th Cir. 2012).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED