**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4117**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

PARKER ANTRON COLEMAN, a/k/a KP,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:10-cr-00238-RJC-DSC-1)

Submitted: November 25, 2014        Decided: November 26, 2014

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Parker Antron Coleman appeals from the denial of his motion to suppress evidence and his conviction following a jury trial on drug-trafficking, firearm, and money-laundering offenses. Coleman contends that the district court erred by allowing the use of evidence seized during the search of his residence and by allowing the admission of evidence of his prior marijuana-trafficking conviction and the fact that he began a romantic relationship with his probation officer, Stephanie Peppers, who later provided money to enable him to start the marijuana trafficking underlying these convictions. We affirm.

Coleman contends that the district court erred by failing to suppress evidence seized from his residence because the search warrant was not issued pursuant to Fed. R. Crim. P. 41. Because Coleman failed to raise this argument in the district court, we review this issue for plain error. United States v. Robinson, 275 F.3d 371, 383 (4th Cir. 2001) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)). Rule 41(b) provides that "[a]t the request of a federal law enforcement officer . . . a magistrate judge with authority in the district . . . has authority to issue a warrant to search for and seize a person or property located within the district." As we have previously determined, when an investigation is conducted by both federal and state agencies, the investigators

2

can "use either federal or state investigatory tools." <u>United States v. Claridy</u>, 601 F.3d 276, 282 (4th Cir. 2010). The warrant at issue in this case was issued by a state judicial officer to a state law enforcement officer and directed the officer to file a return with the state judge who issued the warrant. Because the warrant was appropriately authorized under state law, we find no error, much less plain error, by the district court not sua sponte suppressing evidence discovered pursuant to the state search warrant.

Coleman also contends that the district court erred by allowing the admission of evidence of his prior conviction, that Peppers was his probation officer, and that he and Peppers were in a romantic relationship. Peppers testified that she met Coleman in the summer of 2007, when she was assigned to be his probation officer following his conviction in Mississippi for trafficking marijuana. In January 2008, the relationship became personal and she resigned from her job. In early 2009, Peppers loaned Coleman $5000 so he could buy marijuana to start a drug trafficking business. She testified that she knew he would repay her based on his determination to be successful and the fact that he had previously been involved in drug trafficking.

We conclude that the district court did not abuse its discretion in overruling Coleman's objections to the challenged evidence. The evidence was intrinsic to the marijuana

3

trafficking charges Coleman faced in the underlying trial. See United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (allowing admission of evidence of acts intrinsic to the charged crime), cert. denied, 134 S. Ct. 1279 (2014). The prior conviction led to Coleman meeting Peppers, developing a personal relationship with her, borrowing money from her, and ultimately making the purchases of marijuana. The prior conviction and the fact that Peppers was his probation officer were relevant facts that helped to "complete the story of the crime." See United States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008) (internal quotation marks and citation omitted). Additionally, Peppers testified that it was because of Coleman's prior conviction that she agreed to loan him the money he needed to start the underlying marijuana business. We find no abuse of discretion in the admission of this evidence. See United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014) (providing standard).

Accordingly, we affirm the district court's rulings and affirm Coleman's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4