**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4174**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JULIE ANN JOHNSON,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:14-cr-00012-JPB-JSK-1)

———————

Submitted:  July 30, 2015        Decided:  October 27, 2015

———————

Before KING, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curium opinion.

———————

L. Richard Walker, Patrick I. Holbrook, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Wheeling, West Virginia, Stephen D. Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julie Ann Johnson entered a conditional guilty plea, reserving her right to appeal the denial of her suppression motion, to possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and 843(d)(2).  On appeal, Johnson contends that the search warrant application failed to establish probable cause and that the good-faith exception to the warrant requirement does not apply.  For the reasons that follow, we affirm the district court's judgment.

I.

On April 23, 2013, Corporals Vanscoy and Talkington of the Randolph County Sherriff's Department applied for a warrant to search Johnson's home.  The search warrant affidavit stated, in relevant part, that (1) on April 13, 2013, Corporal Vanscoy issued Johnson a citation for stealing twelve lithium batteries from a local WalMart; (2) Corporal Talkington reviewed security footage and a sales receipt from the same WalMart, indicating Johnson had purchased airline tubing and Coleman Fuel--materials commonly used in methamphetamine production--from the same WalMart and left in a car owned by Craig Hensley ("Hensley"); and (3) Corporal Vanscoy completed a National Precursor Log Exchange ("NPLEX") search that revealed that Johnson and Hensley

2

had purchased pseudoephedrine during March and April of 2013. A Randolph County magistrate approved the warrant application.

Law enforcement promptly executed the search warrant at Johnson's residence and recovered items associated with methamphetamine production, including methamphetamine manufacturing instructions, ice compressors, clear tubing, pseudoephedrine, and other drug paraphernalia. A federal grand jury indicted Johnson in the Northern District of West Virginia for two counts of possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and 843(d)(2), and four counts of possession of pseudoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841 (c)(2).

Johnson moved to suppress the evidence seized from her residence, claiming that the search warrant affidavit failed to explicitly connect criminal activity to the place to be searched, her residence. Johnson further argued that the good-faith exception to the warrant requirement did not apply because (1) the affidavit contained "numerous falsehoods"; (2) the affidavit was so lacking in probable cause as to render reliance on it entirely unreasonable; and (3) the magistrate merely served as a "rubber stamp" for the police.

After a hearing, the federal magistrate judge recommended granting Johnson's motion to suppress. The magistrate judge

3

concluded the affidavit failed to establish a sufficient nexus to Johnson's residence, as the affidavit did not suggest any illegal activity occurred at Johnson's residence. The magistrate judge also concluded the good-faith exception to the warrant requirement did not apply because the search affidavit was "so lacking in indicia of probable cause" as to render police reliance on it unreasonable.

Notwithstanding the magistrate judge's recommendation, the district court denied Johnson's motion to suppress, concluding that the facts alleged in the affidavit were sufficient to establish probable cause. Further, the district court concluded that even assuming the warrant was invalid, "the officers' reliance on the search warrant was objectively reasonable."

After the district court denied Johnson's motion to suppress, Johnson entered a conditional guilty plea to one count of possession of material used in the manufacturing of methamphetamine, reserving her right to appeal the denial of her suppression motion. Johnson was sentenced to 57 months' imprisonment. Johnson timely appealed, and this court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

"We review factual findings regarding [a] motion to suppress for clear error and legal conclusions de novo." United States v. Williams, 740 F.3d 308, 311 (4th Cir. 2014). When the district court has denied the motion, we review the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). In cases where a defendant challenges both probable cause and the applicability of the good-faith exception, we may proceed directly to the good-faith analysis without first deciding whether the warrant was supported by probable cause. United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994). Here, because it was objectively reasonable for the officers to rely on the warrant, we conclude the good-faith exception to the warrant requirement applies. Thus, we need not decide whether the warrant lacked probable cause.

## III.

The Fourth Amendment to the United States Constitution, which protects individuals from "unreasonable searches," provides, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter future police

5

misconduct, evidence seized in violation of the Fourth Amendment is generally barred from trial under the exclusionary rule. United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009). However, "[u]nder the good[-]faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting United States v. Leon, 468 U.S. 897, 926 (1984)).

Our case law establishes four situations in which an officer's reliance on a search warrant would not be considered reasonable:

> (1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;
>
> (2) the magistrate wholly abandoned his detached and neutral judicial role;
>
> (3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> (4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

6

United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995) (citing Leon, 468 U.S. at 923). Under any of those circumstances, the good-faith exception does not apply, and any evidence gathered pursuant to the deficient warrant must be excluded from trial. Andrews, 577 F.3d at 236.

On appeal, Johnson asserts the good-faith exception to the warrant requirement does not apply because: (1) the search warrant affidavit contained "numerous falsehoods"; (2) the search warrant affidavit was so lacking in probable cause as to render reliance on it entirely unreasonable; and (3) the state magistrate abandoned his neutral role and merely rubber stamped the warrant. We analyze each argument below.


A.

First, Johnson alleges the good-faith exception does not apply because the search warrant affidavit contains "numerous falsehoods." Specifically, Johnson points to the officers' statement in their affidavit that "Johnson and Hensley have been actively purchasing pseudoephedrine based products during March and April of this year." J.A. 29. Johnson argues this statement is false because only she purchased pseudoephedrine products in March, while only Hensley purchased them in April. We find this argument unpersuasive.

The good-faith exception applies unless a magistrate is misled by information an affiant knew to be false or would have known was false but for the affiant's reckless disregard for its truth. See Hyppolite, 65 F.3d at 1156. Even if the officers' statement were not literally true, Johnson has failed to show that any alleged false statement was knowingly or recklessly made. The NPLEX reports indicated that Hensley had purchased pseudoephedrine products in April, but not March, whereas Johnson had purchased pseudoephedrine products in March, but not April. It was therefore reasonable for Corporals Vanscoy and Talkington to infer from the information they obtained during their investigation that Johnson and Hensley were engaged in a joint venture to obtain methamphetamine materials. This information includes the NPLEX reports, the video footage of Johnson purchasing materials commonly used to make methamphetamine from WalMart, and the video footage showing Johnson leave WalMart in Hensley's car. While we need not decide whether the combination of these circumstances gives rise to probable cause, we cannot say that Corporals Vanscoy and Talkington made a statement they knew to be false or would have known was false except for their reckless disregard for its truth.

Next, Johnson alleges that it was unreasonable for the officers to rely upon the warrant because the search warrant affidavit allegedly failed to provide a sufficient nexus to establish probable cause that methamphetamine materials could be found inside Johnson's home. We disagree.

An officer's reliance on a warrant is not rendered unreasonable even if the application fails to establish a sufficient nexus between a target's residence and the suspected criminal activity. United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993). We have applied the good-faith exception to uphold the search of a suspect's residence "on the basis of (1) evidence of the suspect's involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge) that drug traffickers store drug-related evidence in their homes." United States v. Williams, 548 F.3d 311, 319 (4th Cir. 2008).

Even assuming the affidavit failed to provide a sufficient nexus to establish probable cause, we cannot say that its absence is so severe so as to preclude reasonable reliance on the warrant. To the contrary, "it is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key." Id. at 218. Additionally, our case law establishes that

9

disagreement among judges as to the existence of probable cause indicates that an officer's reliance on an affidavit was objectively reasonable. See Lalor, 996 F.2d at 1582 (citing Leon, 468 U.S. at 926). Although the federal magistrate judge in this instance concluded that the search affidavit failed to establish probable cause that methamphetamine materials could be found in Johnson's home, two judicial officers--the state magistrate who issued the warrant, and the district judge--determined that the affidavit provided probable cause to search. Given the circumstances, we cannot say that the officers' reliance on the warrant was entirely unreasonable.

## C.

Finally, Johnson argues that the magistrate functioned as a rubber stamp for the police when he authorized the warrant. An issuing magistrate acts as a rubber stamp for police when he approves a "bare bones" affidavit. A "bare bones" affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996) (quoting United States v. Laury, 985 F.2d 1293, 1311 n.23 (5th Cir. 1993)). An affidavit is "bare bones" when an affiant merely recites the conclusions of others without corroboration or independent

10

investigation of the facts alleged. See, e.g., Wilhelm, 80 F.3d at 120.

We see no basis for concluding that this affidavit was "bare bones." To the contrary, Corporals Vanscoy and Talkington stated specific circumstances, including Johnson's activities at WalMart and the NPLEX reports, that suggested Johnson's involvement in methamphetamine manufacturing. Additionally, Corporals Vanscoy and Talkington learned this information first-hand during a ten-day investigation. Therefore, we cannot say that this affidavit, based upon the affiants' personal knowledge, is "wholly conclusory," such that a neutral magistrate could not have independently determined probable cause.

Thus, even assuming the alleged defects in the affidavit demonstrate an absence of probable cause, we cannot conclude that the officers' reliance on the warrant was not in good faith. Finding that the good-faith exception to the warrant requirement applies, we need not decide whether probable cause to issue the warrant existed.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

11