**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4599**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD LAVERNE JOHNS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, District Judge. (2:15-cr-00024-MSD-LRL-1)

Submitted: August 2, 2016          Decided: August 9, 2016

Before TRAXLER and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Laverne Johns, Jr., pleaded guilty, pursuant to a conditional guilty plea, Fed. R. Crim. P. 11(a)(2), to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). Johns preserved his right to appeal the district court's denial of his motion to suppress evidence obtained during a search of his car and during searches, pursuant to warrants, of two residences. He now presents that issue on appeal. We affirm.

When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo, construing the evidence in the light most favorable to the prevailing party. United States v. Lull, ___ F.3d, ___, ___, No. 15-4216, 2016 WL 3006286, at *4 (4th Cir. May 25, 2016).

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." Whren v. United States, 517 U.S. 806, 809-10 (1996). "As a result, such a stop must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Williams, 740 F.3d 308, 312 (4th Cir. 2014) (internal

2

quotation marks omitted). "When an officer observes a traffic offense — however minor — he has probable cause to stop the driver of the vehicle." Id. (internal quotation marks omitted). In addition, when there is probable cause, police are authorized to arrest a person committing "even a very minor criminal offense" without violating the Fourth Amendment. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). Furthermore, when a person is arrested in a traffic stop, police may conduct an inventory search of that person's car, which is "merely an incidental administrative step following arrest and preceding incarceration" that does not require a warrant. United States v. Banks, 482 F.3d 733, 738-39 (4th Cir. 2007) (internal quotation marks omitted).

Johns contends that the traffic stop was illegal because it was pretextual. However, according to uncontroverted evidence introduced at the suppression hearing, Johns was straddling two lanes and driving erratically, in violation of Virginia state law. And regardless of the officer's subjective intent, the stop was lawful because the police objectively had probable cause to stop the car after observing Johns' erratic driving. See Williams, 740 F.3d at 312. Because the traffic stop was lawful, the arrest was lawful, and because the arrest was lawful, the inventory search was lawful. Thus, we conclude the district court did not err in denying Johns' motion to suppress evidence seized during the traffic stop.

3

As to the residence searches, Johns argues that he is entitled to a hearing under Franks v. Delaware, 438 U.S. 154 (1978), to determine the veracity of the affidavits supporting the search warrants.

"An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit." United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). An exception is made for those who can meet the two-pronged test first announced in Franks. Under that test, in order to secure a Franks hearing, "the accused must make a substantial preliminary showing that false statements were either knowingly or recklessly included in an affidavit supporting a search warrant and that, without those false statements, the affidavit cannot support a probable cause finding." Allen, 631 F.3d at 171. "Probable cause" does not have a precise definition, but it "plainly exists where the known facts and circumstances are sufficient to warrant a person of reasonable prudence in the belief that contraband or evidence of a crime will be found." Id. at 172 (alterations and internal quotation marks omitted).

We conclude that there is no evidence to suggest the affiant falsely or recklessly made his statements that he personally saw Johns go to and from the Virginia Beach and Hampton residences within the preceding six months. Moreover, our review convinces us that probable cause supported the issuance of both warrants

4

even without the challenged statements.  Consequently, we conclude the district court did not err in denying Johns' motion to suppress evidence seized from the Virginia Beach and Hampton residences.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED