**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-4106**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONDIE WILLIAMS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:15-cr-00008-FPS-JES-1)

───────────

Submitted: November 30, 2016        Decided: December 13, 2016

───────────

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Brian C. Crockett, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Stephen L. Vogrin, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dondie Williams entered a conditional guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Williams reserved the right to appeal the district court's denial of his motion to suppress the cocaine base and other evidence seized during a traffic stop. On appeal, he argues only that police lacked an articulable reasonable suspicion to initiate the stop. We affirm.

When considering the denial of a motion to suppress, "[w]e review de novo a district court's rulings with respect to reasonable suspicion and probable cause." United States v. Palmer, 820 F.3d 640, 648 (4th Cir. 2016). "Absent clear error, we will not disturb factual findings made by a district court after an evidentiary hearing on suppression issues." Id. Because the Government prevailed on the suppression issue below, "we view the evidence in the light most favorable to the [G]overnment." Id. We evaluate the legality of a traffic stop under the two-pronged inquiry announced in Terry v. Ohio, 392 U.S. 1 (1968). Palmer, 820 F.3d at 648-49.

Williams was a passenger in a vehicle that was stopped for, among other reasons, excessive window tint. "As we have recognized, illegally tinted windows are alone 'sufficient to justify' a traffic stop." Id. at 650 (citing United States v. Green, 740 F.3d 275, 279 n.1 (4th Cir. 2014)); see N.C. Gen. Stat.

2

§ 20-127(b), (d) (2015). Additionally, the facts that police issued the driver only a warning for the tint, failed to confirm the existence of a no-contact order between Williams and the vehicle's driver, and may have suspected drug activity do not defeat the district court's conclusion that sufficient reasonable suspicion of a traffic violation justified the stop. See Palmer, 820 F.3d at 649 ("[W]e do not attempt to discern an officer's subjective intent for stopping the vehicle."); United States v. Williams, 740 F.3d 308, 312 (4th Cir. 2014) ("[A]n officer who observes a traffic offense may have probable cause even where he has additional motives for the stop.").

Accordingly, we conclude that the district court properly denied Williams' motion to suppress and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED