**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4451**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

CLIFTON DERON CAMPBELL,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, District Judge.  (7:15-cr-00042-MFU-1)

Submitted:  January 25, 2017        Decided:  February 2, 2017

Before GREGORY, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifton Deron Campbell was charged with possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). He moved to suppress evidence seized from a residence pursuant to a search warrant, claiming that the affidavit offered in support of the warrant was insufficient to establish probable cause. The district court denied the motion upon the determination that, even if probable cause was lacking, the good faith exception to the warrant requirement applied. Campbell then pled guilty and was sentenced to 180 months in prison. He appeals, arguing that the district court erred when it denied the motion to suppress. We affirm.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Evidence seized in violation of the Fourth Amendment generally is inadmissible at trial. United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009). However, "[u]nder the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v.

2

Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (internal quotation marks omitted).

Ordinarily, "a warrant issued by a magistrate . . . suffices to establish that a law enforcement officer has acted in good faith in conducting the search." United States v. Leon, 468 U.S. 897, 922 (1984) (internal quotation marks omitted). However, if "the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," the good faith exception does not apply, and evidence gathered pursuant to the deficient warrant must be excluded from trial. United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995).

The good faith analysis "is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." Leon, 468 U.S. at 922 n.23. In this regard, courts may consider information in the warrant affidavit and any "uncontroverted facts known to officers but inadvertently not disclosed to the magistrate." United States v. McKenzie-Gude, 671 F.3d 452, 459 (4th Cir. 2011).

We review "factual findings regarding [a] motion to suppress for clear error and legal conclusions de novo." United States v. Williams, 740 F.3d 308, 311 (4th Cir. 2014). When the district court has denied a motion to suppress, we view the

3

evidence in the light most favorable to the Government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). In cases where a defendant challenges both the existence of probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994).

We agree with the district court that, even if the affidavit supporting the warrant was insufficient because it did not sufficiently tie Campbell to the residence, the good faith exception to the warrant requirement applied. After arresting Campbell just outside the residence pursuant to an arrest warrant, officers discovered on his person a quantity of marijuana, empty baggies, and digital scales-all suggesting drug dealing. This information was included in the affidavit. Additionally, officers possessed but apparently did not divulge to the magistrate the following information strongly suggesting that Campbell resided at the home: they had been surveilling the residence for some time; they had seen Campbell's car parked there on a regular basis; they knew Campbell's girlfriend rented the residence; and they had concluded that this was also his residence. In light of all the circumstances, a reasonably well-trained law enforcement officer objectively would have believed that search was lawful.

4

Because the good faith exception applied, the district court properly denied the motion to suppress. We accordingly affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED