**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4840**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BRANDON GALE COMBS,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Mary G. Lewis, District Judge.  (0:15-cr-00881-MGL-1)

Submitted:  March 30, 2018                                    Decided:  April 10, 2018

Before GREGORY, Chief Judge, and DIAZ and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, William K. Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Gale Combs appeals from his conviction and 51-month sentence imposed pursuant to his guilty plea to possession of a firearm by a prohibited person. On appeal, Combs asserts that his motion to suppress was improperly denied and that his sentence was erroneously enhanced under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2015). We affirm.

Combs first contends that the search warrant affidavit, prepared by Lieutenant Tanner Davis, was insufficient to establish probable cause. In the affidavit, Davis averred that, on May 20, 2015, he received a call from Kristen Shea, the mother of Combs' daughter, who claimed that Combs had assaulted her the previous evening. Davis averred that he had "received intelligence the previous week" regarding Combs purchasing a handgun. After the officer asked Shea about the handgun, Shea said that Combs still had the handgun in the house. Davis responded to the scene, removed Shea and her children from the house, and then asked Combs to step out of the house. When Combs attempted to close the door, the officer entered the house, had Combs dress, and sit in a chair. Combs asked the officer to get him a cigarette from his bedroom. When Davis did that, he observed a bullet on the floor. Davis asked Combs for permission to search the home, and Combs denied permission. Combs was arrested for domestic violence, and, while being escorted to the car, Combs stated "just let me go get the gun for you." Davis denied him permission. The officer ran a check of Combs' criminal history and determined that he had prior convictions for violent burglary and Criminal Domestic Violence of a High and Aggravated Nature ("CDVHAN").

2

Combs asserts that "the intelligence" received should have been treated as if it was from an anonymous source, with no information regarding the informant's credibility or veracity. Thus, according to Combs, the information regarding Combs' purchase of a gun should be stripped from the magistrate's consideration. Next, Combs asserts that his statement regarding the gun should be excluded from consideration because he was not given *Miranda* warnings. Finally, Combs alleges that Davis's entry into his house without a warrant was illegal and, thus, anything found or said during the illegal presence in the house should be suppressed.

According to Combs, the only remaining information in the affidavit would be Shea's statement. However, Combs alleged that the officer did not provide any information about Shea's veracity or credibility. In addition, Combs asserts that Shea was not credible and that, because the officer omitted information regarding Shea's intoxicated state when she "thought" she saw the gun, the good faith exception was inapplicable.

The Fourth Amendment, which protects individuals from "unreasonable searches," provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter police misconduct, evidence seized in violation of the Fourth Amendment generally is inadmissible at trial. *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). However, "[u]nder the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing

3

their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993).

Ordinarily, "a warrant issued by a magistrate . . . suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004). Case law establishes four situations in which an officer's reliance on a search warrant is not considered reasonable:

> (1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;

> (2) the magistrate wholly abandoned his detached and neutral judicial role;

> (3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and

> (4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

*United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995). Under any of these circumstances, the good faith exception does not apply, and evidence gathered pursuant to the deficient warrant must be excluded from trial. *Andrews*, 577 F.3d at 236.

The good faith analysis must be "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984). In deciding whether the officer's reliance on a warrant was objectively reasonable, courts consider information in the warrant affidavit and any "uncontroverted facts known to officers but inadvertently not disclosed to the magistrate." *United*

4

*States v. McKenzie-Gude*, 671 F.3d 452, 459 (4th Cir. 2011). In this regard, we have "consistently rejected the notion that reviewing courts may not look outside the four corners of a deficient affidavit when determining . . . whether an officer's reliance on the . . . warrant was objectively unreasonable." *Id.* Accordingly, in making its determination, a court may consider information presented to the magistrate but not contained in the affidavit, as well as uncontroverted facts known to the officer but inadvertently not presented to the magistrate. *Id.* at 460-61.

We review "factual findings regarding [a] motion to suppress for clear error and legal conclusions de novo." *United States v. Williams*, 740 F.3d 308, 311 (4th Cir. 2014). When the district court has denied a motion to suppress, we review the evidence in the light most favorable to the Government. *United States v. Grossman*, 400 F.3d 212, 216 (4th Cir. 2005). In cases where a defendant challenges both probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994).

We conclude that, contrary to Combs' assertions, there is no evidence that Davis intentionally or recklessly omitted material information from the affidavit. In fact, Davis's testimony at the suppression hearing shows that the facts not included in the affidavit would actually have strengthened probable cause rather than defeating it. Davis testified that he had contact with Combs previously on "several different occasions." In fact, in 2015, Davis retrieved a gun from Combs' home and warned him that he could not possess firearms. In addition, Davis had previously been involved in police

investigations regarding Combs and Shea, and when Shea called the police department, she specifically asked for Davis. Shea stated that she had seen a gun the previous night when Combs placed it under the mattress in his bedroom. When Davis removed Shea from the house, he saw bruising on her face.

Concerning the "intelligence" regarding Combs' possession of a firearm, Davis testified that it came from a concerned citizen who did not want to give their name, but that Davis knew who it was and that the person was a "[c]lose personal friend" of Combs. Further, Combs told Davis that Shea's bruising was caused by an individual named "Michael" and that Combs' roommate could confirm this. However, when Davis called the roommate, the roommate stated that Combs' statement was not true.

Assuming, without deciding, that the affidavit supporting the warrant was insufficient because it included information from the improper questioning of Combs and did not provide any information regarding the informant, we conclude that the good faith exception applied. The informant's statement regarding the gun was corroborated by Shea. In addition, Shea's story was corroborated by her physical appearance and Combs' criminal background. Finally, even if Davis purposely omitted the facts that Shea was intoxicated the night before and used the words "I think" with regard to the gun, we find that these facts are not material, given that Shea provided details about the gun and her statement was corroborated by the anonymous tip. While Davis could have, and perhaps should have, detailed further the basis for his determination that the informant was reliable, such a failure will not prohibit the application of the good faith exception. *See United States v. Bynum*, 293 F.3d 192, 197 (4th Cir. 2002) (upholding application of the

6

good faith exception when the affiant omitted the basis for an informant's reliability); *United States v. Edwards*, 798 F.2d 686, 688-92 (4th Cir. 1986) (same). In light of all the circumstances, we find that a reasonably well-trained law enforcement officer objectively would have believed the search to have been lawful.

Next, Combs argues that his sentence was improperly enhanced. The presentence report ("PSR") calculated Combs' base offense level under USSG § 2K2.1(a)(4)(A) as 20, as he had a prior felony conviction of a "crime of violence." The PSR relied upon Combs' conviction for South Carolina CDVHAN. Combs contends that CDVHAN is not a crime of violence because it can be committed without the use of violent physical force. However, we find no error in the district court's enhancement of Combs' sentence.

Accordingly, we affirm Combs' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*