**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4503**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOLARINWA SALAU,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:24-cr-00046-JPB-JPM-1)

Submitted:  April 13, 2026                          Decided:  May 27, 2026

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Tracy Weese, Shepherdstown, West Virginia, for the Appellant.  Matthew L. Harvey, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bolarinwa Salau appeals his conviction, entered pursuant to a conditional guilty plea, to identity theft, in violation of 18 U.S.C. § 1028(a)(7), (b)(2)(B).  On appeal, Salau challenges the district court's denial of his motion to suppress evidence seized from his vehicle following a traffic stop.  Specifically, Salau argues that the officer who stopped him did not have probable cause to believe he was speeding based on the officer's use of the pacing method to gauge Salau's speed, so the evidence found during the subsequent search of his car was inadmissible.  For the following reasons, we affirm.

When considering a district court's denial of a suppression motion, we "review legal conclusions de novo and factual findings for clear error [and] . . . consider the evidence in the light most favorable to the Government."  *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (citation modified).  "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress."  *Id.* (internal quotation marks omitted).  Under the clear error standard, factual findings by the district court may be reversed only if we are "left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal quotation marks omitted).

"A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to a reasonableness requirement."  *United States v. Perez*, 30 F.4th 369, 374 (4th Cir. 2022) (internal quotation marks omitted).  "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  *Whren v. United States*, 517 U.S. 806, 810 (1996).  Probable cause

exists if the officer "had reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." *United States v. Williams*, 740 F.3d 308, 312 (4th Cir. 2014) (internal quotation marks omitted), *abrogated on other grounds, Hein v. North Carolina*, 574 U.S. 54 (2014). In *United States v. Sowards*, we determined that a police officer's visual estimation that a vehicle is traveling slightly above the legal speed limit "requires additional indicia of reliability to support probable cause." 690 F.3d 583, 592 (4th Cir. 2012). The reasonableness of the officer's visual estimate may be supported by pacing methods. *Id.*

Here, the officer observed that Salau's vehicle appeared to be speeding and paced his cruiser with Salau's vehicle to confirm his visual assessment. The officer confirmed that his speedometer and radar registered a speed of 82 miles per hour while he and Salau were traveling at the same speed in an area with a speed limit of 65 miles per hour. Based on these principles and relevant facts, we discern no clear error in the district court conclusion that the officer's methods were a reliable indicator of Salau's speed and in its decision to credit the officer's testimony over Salau's testimony that he was obeying the speed limit. And because the officer's methods were reliable, the district court did not err in denying Salau's motion to suppress on the ground that the officer had probable cause to initiate a traffic stop.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*