**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4001**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ALIMAMY BARRIE,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.    Paul  W.  Grimm,  District  Judge. (8:14-cr-00006-PWG-1)

───────────

Submitted:  September 30, 2015      Decided:  November 23, 2015

───────────

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Julie L. B. Johnson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland; Christopher R. Healy, PERKINS COIE LLP, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Kelly O. Hayes, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alimamy Barrie appeals from his convictions and sentence imposed for wire fraud and aggravated identity theft. He argues that the district court erred in denying his motion in limine to exclude an out of court identification of him by a witness, that the court erred in permitting the Government to admit evidence of Barrie's prior fraud conviction and method of criminal behavior, and that the court erred in calculating the amount of intended loss under the Sentencing Guidelines. Finding no error, we affirm.

Barrie argues that the out of court photo identification that witness Greenfield made was not sufficiently reliable to admit at trial. Barrie contends that Greenfield's testimony was inconsistent, Greenfield did not have sufficient opportunity to observe Barrie at the residence, and that his testimony did not elicit any articulated attention to detail to support the identification, among other contentions.

When considering the denial of a suppression motion, this court reviews de novo the district court's legal conclusions, and reviews its factual findings for clear error. United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007). "Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures so impermissibly suggestive as to give rise to a very substantial

2

likelihood of irreparable misidentification." Id. (internal quotation marks omitted). However, where, after considering the totality of the circumstances, an identification is found to be reliable, an unduly suggestive identification procedure will not warrant exclusion of the identification. Id. Therefore, when reviewing a district court's order denying a defendant's motion to exclude an identification, this court first asks whether the defendant demonstrated "that the photo identification procedure was impermissibly suggestive" and then "whether the identification was nevertheless reliable in the context of all of the circumstances." Id. at 389-90. Thus, this court may uphold a district court's denial of a motion to suppress if it finds the identification reliable, without determining whether the identification procedure was unduly suggestive. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994).

"[A]dmission of the identification evidence is not error if the evidence was nevertheless reliable under the totality of the circumstances." United States v. Greene, 704 F.3d 298, 308 (4th Cir. 2013) (internal quotation marks omitted). The factors used to determine whether an identification is reliable include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

3

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

We conclude that the district court properly denied Barrie's motion to exclude Greenfield's testimony and identification. Because the Government does not contest the district court's finding that the photo identification was impermissibly suggestive, we proceed directly to the identification's reliability and conclude that the totality of the circumstances demonstrates that witness Greenfield's identification was nevertheless reliable.

Barrie was convicted of a prior offense of conspiracy to commit wire and mail fraud. The Government sought to introduce evidence of the crime because the prior conviction was substantially similar to the charged conduct and was therefore relevant and necessary to establish Barrie's identity as the perpetrator of the present offenses. Barrie contended that the details of the prior fraud conviction were not similar enough to permit inclusion under Federal Rule of Evidence 404(b). This court reviews for abuse of discretion a district court's decision to submit prior bad acts evidence. United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014). Generally, we will not find that a district court "abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary and irrational." Id. (internal quotation marks omitted).

4

Rule 404(b) "prohibits evidence of other crimes, wrongs, or acts solely to prove a defendant's bad character, but such evidence . . . may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011) (internal quotation marks and brackets omitted). To be admissible under Rule 404(b), the proffered "bad acts" evidence must be relevant to an issue other than character, necessary to prove an element of the crime charged, reliable, and its probative value must not be substantially outweighed by its prejudicial nature. United States v. Fuertes, ___ F.3d ___, ___ 2015 WL 4910113, *4 (4th Cir. Aug. 18, 2015) (No. 13-4755). Under this standard, we conclude that there was no abuse of discretion in the district court's decision to admit Barrie's prior conviction.

Finally, Barrie argues that the district court erred in applying a 16-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(I) (2014) by calculating the intended loss of the fraud committed by Barrie to exceed $1,000,000. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id.

5

at 51.  In assessing Guidelines calculations, the court reviews factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error.  United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012); see also United States v. Otuya, 720 F.3d 183, 191 (4th Cir. 2013) (district court's calculation of loss amount reviewed for clear error), cert. denied, 134 S. Ct. 1279 (2014).  We will "find clear error only if, on the entire evidence, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citations omitted).

The mechanics of Barrie's fraud scheme support the district court's determination that the intended loss was over $1,000,000.  Barrie admitted to knowing that the Fidelity account held more than $1,000,000, calling it a "treasure" or "paradise."  He admitted to ordering the checks for a Wells Fargo account so that he could draw the funds out of the linked account and that he and his associates had multiple ways to drain the account.  The prior conviction established Barrie and his associates' method to drain a retirement account and in this case everything was in place to empty the victim's account.  The victim fortuitously stopped the first scheduled wire transfer before it occurred.  The mechanics of Barrie's fraudulent scheme support the district court's determination that the intended

6

loss was over $1,000,000. We therefore conclude that the district court's determination of intended loss was not clear error.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>