**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 16-4118**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MARTIN LOUIS JENKINS,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:14-cr-00049-JKB-1)

———————————

Submitted: November 30, 2016     Decided: December 22, 2016

———————————

Before GREGORY, Chief Judge, and NIEMEYER and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James Wyda, Federal Public Defender, Baltimore, Maryland, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, P. Michael Cunningham, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Louis Jenkins was convicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012), and received a sentence of 84 months of imprisonment, which was above the Sentencing Guidelines range. On appeal, Jenkins argues that the district court erred in denying his motion to suppress the firearm found in his fiancée's residence and that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

I

Jenkins argues that the United States v. Leon, 468 U.S. 897 (1984), good-faith exception does not apply to this case because the affidavit in support of the search warrant was "bare bones" and did not provide adequate supporting particularized facts and therefore it was objectively unreasonable for officers to rely on the warrant because it was devoid of any indicia of probable cause. Jenkins argues that the nexus between his fiancée's residence ("target residence"), where the firearm was found, and the evidence sought by police was based on assumptions and conclusory statements. Thus, insufficient evidence connected him to the target residence.

"We review factual findings regarding [a] motion to suppress for clear error and legal conclusions de novo." United States v. Williams, 740 F.3d 308, 311 (4th Cir. 2014). When the

2

district court has denied the motion, we review the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). In cases where a defendant challenges both probable cause and the applicability of the good-faith exception, a court may proceed directly to the good-faith analysis without first deciding whether the warrant was supported by probable cause. United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994). Here, because it was objectively reasonable for the officers to rely on the warrant, we conclude the good-faith exception to the warrant requirement applies.

The Fourth Amendment to the United States Constitution, which protects individuals from "unreasonable searches," provides, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter future police misconduct, evidence seized in violation of the Fourth Amendment is generally barred from trial under the exclusionary rule. United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009). However, "[u]nder the good[-]faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of

probable cause." United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting Leon, 468 U.S. at 926).

Our case law establishes four situations in which an officer's reliance on a search warrant would not be considered reasonable:

> (1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;
> (2) the magistrate wholly abandoned his detached and neutral judicial role;
> (3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
> (4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995) (citing Leon, 468 U.S. at 923). Under any of those circumstances, the good-faith exception does not apply, and any evidence gathered pursuant to the deficient warrant must be excluded from trial. Andrews, 577 F.3d at 236.

On appeal, Jenkins asserts that the good-faith exception to the warrant requirement does not apply because the search warrant affidavit was so lacking in probable cause as to render reliance on it entirely unreasonable; and, further, the state court judge abandoned her neutral role and merely rubber stamped the warrant. Jenkins alleges that it was unreasonable for the

4

officers to rely upon the warrant because the search warrant affidavit allegedly failed to provide a sufficient nexus to establish probable cause that evidence of drug trafficking could be found inside the target residence.

An officer's reliance on a warrant is not rendered unreasonable even if the application fails to establish a sufficient nexus between a target's residence and the suspected criminal activity. Lalor, 996 F.2d at 1582. We have applied the good-faith exception to uphold the search of a suspect's residence "on the basis of (1) evidence of the suspect's involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge) that drug traffickers store drug-related evidence in their homes." United States v. Williams, 548 F.3d 311, 319 (4th Cir. 2008).

Even assuming the affidavit failed to provide a sufficient nexus to establish probable cause, we determine that its absence is not so severe so as to preclude reasonable reliance on the warrant. To the contrary, "it is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key." Grossman, 400 F.3d at 218. In addition, disagreement among judges as to the existence of probable cause indicates that an officer's reliance on an affidavit was objectively reasonable. See Lalor, 996 F.2d at 1582 (citing Leon, 468 U.S. at 926).

5

Although the district court concluded that, if the warrant application were before it in the first instance, it may have found that the affidavit failed to establish probable cause that evidence related to drug trafficking could be found at the target residence, the state judge who issued the warrant determined that the affidavit provided probable cause to search. Given the circumstances, we conclude that it cannot be said that the officers' reliance on the warrant was entirely unreasonable.

Jenkins also argues that the state court judge functioned as a rubber stamp for the police when she authorized the warrant. An issuing official acts as a rubber stamp for police when she approves a "bare bones" affidavit. A "bare bones" affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996) (quoting United States v. Laury, 985 F.2d 1293, 1311 n.23 (5th Cir. 1993)). An affidavit is "bare bones" when an affiant merely recites the conclusions of others without corroboration or independent investigation of the facts alleged. See, e.g., Wilhelm, 80 F.3d at 120.

However, here there is no basis for concluding that this affidavit was "bare bones." To the contrary, nonconclusory information supported the affiants' statements that Jenkins was

6

involved in drug dealing. The affidavit detailed intercepted calls and observations by officers, which supported the detectives' statements. Jenkins used language associated with dealing cocaine and heroin in at least one call, his actions with movements in and out of suspected stash houses were also consistent, in the detectives' experience, of drug dealing. The affidavit further related observations of Jenkins associating with persons whose behavior was also consistent with drug dealing and verified by intercepted calls pointing to a likely connection to drug trafficking.

Once the affidavit established some evidence of drug dealing by Jenkins, the question became whether the information in the affidavit related to the target residence was sufficient to establish that Jenkins lived there, at least periodically. The district court determined that the nexus to the target residence was established by the telephone call with Baltimore Gas and Electric, in which Jenkins identifies his address as the target residence. He further stated during the call that the account holder was his fiancée, a relationship that establishes an inference that Jenkins may reside at that location periodically.

Therefore, the affidavit, based upon the affiants' personal knowledge, is not "wholly conclusory," such that a neutral magistrate or judge could not have independently determined

7

probable cause.  Thus, even assuming the alleged defects in the affidavit demonstrate an absence of probable cause, the officers' reliance on the warrant was in good faith.  There is no contention that the officers acted in bad faith or intentionally misinformed the state judge about the facts.  It was not objectively unreasonable for the officers to rely on the warrant issued by a neutral and detached judge.  As such, it was not clear error for the district court to apply the Leon good-faith exception and deny the motion to suppress.

II

Next, Jenkins argues that the court imposed a procedurally and substantively unreasonable upward variant sentence.  He claims procedural error because the court allegedly dismissed the advisory Sentencing Guidelines range and failed to explain the reason for the extent of the upward variance and that the sentence created an unwarranted sentencing disparity.  He further contends that the court placed undue weight on the need for the sentence to provide adequate deterrence, resulting in a sentence that was greater than necessary and therefore substantively unreasonable.  The Government counters that the district court carefully and deliberately weighed the sentencing factors and addressed the aspects of Jenkins' sentence of which Jenkins now complains and that the sentence was just and reasonable.

"[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard."  United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2010); see also Gall v. United States, 552 U.S. 38, 51 (2007); Rita v. United States, 551 U.S. 338, 350 (2007).  Under this standard, a sentence is reviewed for both procedural and substantive reasonableness.  Gall, 552 U.S. at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence.  Id. at 49-51.

In evaluating a sentencing court's explanation of a selected sentence, this court consistently has held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors."  United States v. Helton, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted).  At the same time, the district court "must make an individualized assessment based on the facts presented."  Gall, 552 U.S. at 50.  While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the

9

particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If a sentence is free of "significant procedural error," then the court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. A substantively reasonable sentence is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

The fact that the court strongly emphasized the need for specific deterrence and the need to protect the public as sentencing factors does not render the sentence unreasonable. See United States v. Pauley, 511 F.3d 468, 476 (4th Cir. 2007) ("In Gall, the Supreme Court held it quite reasonable for the sentencing court to have attached great weight to a single factor . . . ." (internal quotation marks and alteration omitted)). Moreover, Jenkins' sentence is similar to other extensive upward variances found substantively reasonable by this court. See, e.g., United States v. Hargrove, 701 F.3d 156, 163-65 (4th Cir. 2012) (finding no substantive error in 60-month sentence imposed from Guidelines range of 0 to 6 months, given court's "thorough individualized assessment" under § 3553(a) and extent and cruelty of dogfighting offense); United States v. Rivera Santana, 668 F.3d 95, 106 (4th Cir. 2012) (holding 20-

year statutory maximum sentence, above Guidelines range of 57 to 71 months, was substantively reasonable considering defendant's egregious criminal history, and where "decision to vary upward to the statutory maximum reflects a thorough, individualized assessment of [defendant's] situation, in light of the § 3553(a) factors").

We conclude that the sentence is procedurally and substantively reasonable. The court properly calculated the Guidelines range, carefully considered the § 3553(a) factors, considered the arguments presented at sentencing, and adequately explained its reasons for varying upward and imposing an 84-month sentence. We further conclude that Jenkins' sentence is substantively reasonable.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED