**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4593**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

EVANS APPIAH,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George J. Hazel, District Judge.  (8:15-cr-00508-GJH-1)

Submitted:  April 27, 2017                          Decided:  May 17, 2017

Before MOTZ, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Jennifer L. Wine, Special Assistant United States Attorney, Thomas P. Windom, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evans Appiah appeals his convictions for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012); mail fraud, in violation of 18 U.S.C. § 1341 (2012); two counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). For the reasons that follow, we affirm the district court's judgment.

First, Appiah challenges the district court's failure to sua sponte voir dire the jury as to its observation of Appiah's mother crying outside the courtroom in what was perceived as a calculated attempt to garner sympathy from the jury. "In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is . . . deemed presumptively prejudicial." *Remmer v. United States*, 347 U.S. 227, 229 (1954). We ordinarily review a district court's decision not to hold voir dire following a jury intimidation allegation under an abuse of discretion standard. *United States v. Basham*, 561 F.3d 302, 320 (4th Cir. 2009). However, where, as here, the defendant failed to raise the issue at trial, our review is for plain error only. *United States v. Baptiste*, 596 F.3d 214, 221 (4th Cir. 2010).

To demonstrate plain error, Appiah must establish that a clear or obvious error by the district court affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 734 (1993). An error affects a defendant's substantial rights "if the error affected the outcome of the district court proceedings." *United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010) (internal quotation marks omitted). Even if these requirements are

2

met, we will not exercise our discretion to correct the error unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (alterations and internal quotation marks omitted).

We have held that the *Remmer* presumption is "not one to be casually invoked." *Baptiste*, 596 F.3d at 221 (internal quotation marks omitted). "[T]he defendant bears the initial burden of establishing both that an unauthorized contact was made and that it was of such a character as to reasonably draw into question the integrity of the verdict." *Id.* (alterations and internal quotation marks omitted). We conclude that Appiah has failed to carry his initial burden and has failed to establish that the district court plainly erred by not holding a special voir dire.

Second, Appiah challenges the district court's resolution of three defense witnesses' invocation of their Fifth Amendment privilege to remain silent.* We generally review the district court's evidentiary ruling on such an issue for abuse of discretion. *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008). Further, any error by the district court "is harmless if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Sayles*, 296 F.3d 219, 223 (4th Cir. 2002) (internal quotation marks omitted). The government argues that, because Appiah failed to object to the witnesses' invocation of their Fifth Amendment privilege at trial, the matter is reviewable only for plain error. (Appellee's

---

* To protect the identity of the witnesses, we refer to them as necessary only by their initials.

Br. (ECF No. 53) at 26). We conclude that Appiah's Fifth Amendment claims fail under either standard.

"The Fifth Amendment declares in part that 'No person shall be compelled in any Criminal Case to be a witness against himself.'" *Hoffman v. United States*, 341 U.S. 479, 485-86 (1951) (alteration omitted). This privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id.* at 486. "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87. A witness' invocation of the privilege is proper unless it is "perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken" and his answers could not "possibly have" a "tendency to incriminate." *Id.* at 488 (internal quotation marks omitted). A witness retains his Fifth Amendment privilege even after pleading guilty, and a sentencing court may not draw adverse inferences from his invocation of the privilege. *Mitchell v. United States*, 526 U.S. 314, 326, 328-30 (1999).

"When a defendant's right to compel testimony conflicts with a witness' privilege against self-incrimination, . . . a court must make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege." *Sayles*, 296 F.3d at 223 (internal quotation marks omitted). In this case, we find that the district court conducted a proper voir dire hearing outside the presence of the jury to ascertain the

4

questions defendant's counsel sought to pose and the scope of the privilege sought by the witnesses. The district court permitted the witnesses' counsel to stand nearby and to confer, allowing the witnesses to assert the privilege, and the district court to rule, on a question-by-question basis. We have reviewed the record and reject Appiah's argument that the district court did not conduct a sufficient inquiry into the witnesses' assertion of the privilege.

A district court does not abuse its discretion when it refuses to require a witness to testify before the jury solely to invoke her Fifth Amendment privilege. *Branch*, 537 F.3d at 342. Requiring the witness to take the stand solely to invoke the privilege can lead to "unfair prejudice in the form of both unwarranted speculation by the jury and the government's inability to cross-examine" the witness. *Id.* Moreover, "any inferences that the jury might have drawn from [the witness]'s privilege assertion would have been only minimally probative – and likely improper – in any event." *Id.* We conclude that the district court did not err in refusing to permit Appiah to call S.S., a witness who would take the stand solely to invoke her Fifth Amendment privilege.

"The defendant's right to present witnesses in his own defense . . . does not carry with it the right to immunize the witness from reasonable and appropriate cross-examination." *Lawson v. Murray*, 837 F.2d 653, 655 (4th Cir. 1988). We have "always considered cross-examination to be an indispensable tool in the search for truth and the Fifth Amendment cannot be used selectively to provide a witness with immunity from cross-examination." *United States v. Heater*, 63 F.3d 311, 321 (4th Cir. 1995) (internal citation and quotation marks omitted). "It is well established that a witness, in a single

5

proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell*, 526 U.S. at 321 (1999). We conclude that the district court did not err in striking the testimony of A.B., a witness who invoked her privilege against self-incrimination on cross-examination.

Finally, Appiah challenges the district court's decision admitting testimony of Jerald Andal, the government's rebuttal witness. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. This Court "defer[s] to a trial court's Rule 403 balancing unless it is an arbitrary or irrational exercise of discretion." *Garraghty v. Johnson*, 830 F.2d 1295, 1298 (4th Cir. 1987).

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). "Rule 404(b) is a rule of inclusion" that "militates toward admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Briley*, 770 F.3d 267, 275 (4th Cir. 2014). "District judges enjoy broad discretion to determine what evidence should be admitted under the Rule, which resides at the core of the trial judge's function of handling evidentiary challenges." *Id.* at 275-76. Generally, we will not find that a district court "abused its discretion

6

unless its decision to admit evidence under Rule 404(b) was arbitrary and irrational." *United States v. Williams*, 740 F.3d 308, 314 (4th Cir. 2014). Furthermore, such an evidentiary determination is reviewed for harmless error, requiring reversal only for "serious errors that affect substantial rights or that directly affect the outcome of a case." *Briley*, 770 F.3d at 276 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in admitting Andal's testimony on rebuttal. Moreover, even were we to assume that the testimony was admitted in error, any such error was harmless because it did not affect Appiah's substantial rights in light of the brevity of the testimony and the substantial evidence of Appiah's guilt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*