**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4312**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ORLANDO M. DIAZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:17-cr-00042-LMB-TCB-1)

Submitted: March 1, 2018                    Decided: March 13, 2018

Before WILKINSON and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Kyle Patrick Reynolds, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando M. Diaz was convicted by a magistrate judge of driving while intoxicated, in violation of 36 C.F.R. § 4.23(a)(2) (2017), having an open container of alcohol in a vehicle, in violation of 36 C.F.R. § 4.14(b) (2017), and failing to obey a traffic control device, in violation of 36 C.F.R. § 4.12 (2017). The magistrate judge sentenced Diaz to 24 months' probation, including 25 days in jail, to be served on the weekends or intermittently, as well as an alcohol treatment program, alcohol testing, driving restrictions, and a $500 fine. Diaz appealed to the district court, and the district court affirmed the criminal judgment.

Diaz now appeals the district court's order affirming the criminal judgment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the magistrate judge erred in denying Diaz's motion to suppress. Diaz was notified of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm.

A district court reviewing a bench trial conducted by a magistrate judge "utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005) (citing Fed. R. Crim. P. 58(g)(2)(D)). In turn, "our review of a magistrate court's trial record is governed by the same standards as was the district court's appellate review." *Id.* at 305-06. In considering the denial of a suppression motion, "[w]e review a district court's factual findings . . . for clear error, and the legal determinations *de novo*." *United States*

2

*v. Black*, 707 F.3d 531, 537 (4th Cir. 2013). "[W]e view the facts in the light most favorable to the Government, as the party prevailing below." *Id.* at 534.

It is well settled that, "[w]hen an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." *United States v. Williams*, 740 F.3d 308, 312 (4th Cir. 2014) (internal quotation marks omitted); *see also Whren v. United States*, 517 U.S. 806, 810 (1996). However "[i]f a traffic stop is extended in time beyond the period that the officers are completing tasks related to the traffic infractions, the officers must either obtain consent from the individuals detained or identify reasonable suspicion of criminal activity to support the extension of the stop." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). Thus, when an officer has such reasonable suspicion—something less than probable cause but "'more than an inchoate and unparticularized suspicion or hunch'"—of criminal activity, the officer may briefly detain an individual beyond the initial vehicle stop for further investigative purposes. *United States v. Brugal*, 209 F.3d 353, 359 (4th Cir. 2000) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)).

Our review of the record indicates that the magistrate judge properly denied Diaz's suppression motion. The initial stop of Diaz's vehicle was supported by the officers' having viewed Diaz drive around a roadblock. After the officers stopped Diaz, and within the time necessary to effectuate the traffic stop, they noticed an open container of alcohol in the front seat drink holder. The officers acted within the bounds of the Fourth Amendment in questioning Diaz about the can, retrieving it, and ultimately conducting roadside sobriety tests. *See United States v. Branch*, 537 F.3d 328, 335-37 (4th Cir.

3

2008) (addressing circumstances in which extending traffic stop beyond investigating initial offense is justified). We therefore discern no Fourth Amendment violation on the facts presented.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Diaz's convictions and sentence. This court requires that counsel inform Diaz, in writing, of the right to petition the Supreme Court of the United States for further review. If Diaz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Diaz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*