**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2226**

GEORGIE JESSUP MAULER,

Plaintiff - Appellant,

v.

GEORGE ARLOTTO; SARAH CZACH; DOYLE BATTEN,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:18-cv-01445-RDB)

Submitted:  May 24, 2019                    Decided:  June 6, 2019

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Robin R. Cockey, Ashley A. Bosché, COCKEY, BRENNAN & MALONEY, P.C., Salisbury, Maryland, for Appellant.  Gregory J. Swain, County Attorney, Jay H. Creech, Thomas J. Mitchell, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Georgie Jessup Mauler appeals the district court's order dismissing for failure to state a claim her 42 U.S.C. § 1983 (2012) complaint against George Arlotto, the Superintendent of the Anne Arundel County Board of Education ("Board"), Doyle Batten, the Board's Supervisor of School Security, and Sarah Czach, the Board's Senior Manager of Investigations.[1] We affirm in part, vacate in part, and remand for further proceedings.

"We review *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)," and must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). "To survive a motion to dismiss, [Mauler's] factual allegations, taken as true, must state a claim to relief that is plausible on its face. The plausibility standard is not a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations and internal quotation marks omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In her complaint, Mauler asserted claims of retaliatory arrest and unreasonable seizure in violation of her First and Fourth Amendment rights. "A cognizable First

---

[1] Mauler does not appeal the dismissal of the claims against Arlotto.

2

Amendment retaliation claim requires a plaintiff to show: (1) that plaintiff's speech was protected; (2) defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship exists between plaintiff's speech and the defendant's retaliatory action." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (internal quotation marks omitted). As we have previously noted, "[t]he Supreme Court has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause." *Pegg v. Herrnberger*, 845 F.3d 112, 119 (4th Cir. 2017) (internal citations omitted) (citing *Reichle v. Howards*, 566 U.S. 658, 664-65 (2012)).

"The Fourth Amendment guarantees the right to be free from unreasonable . . . seizures. An officer may arrest someone without violating the Fourth Amendment if the officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence." *McClure v. Ports*, 914 F.3d 866, 874 (4th Cir. 2019) (citation and internal quotation marks omitted). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The Supreme Court has rejected any requirement that the offense for which the officer had probable cause be the same as or closely related to the offense identified by the officer at the time of arrest. *Id.* at 153-56; *cf. United States v. Williams*, 740 F.3d 308, 312 (4th Cir. 2014) ("[A] police officer's inability to identify the correct code section at the time of a stop does not undermine valid probable cause."). *But see Williams*, 740 F.3d at 312 ("[A]

3

police officer's mistake of law can[not] support probable cause to conduct a stop when the underlying conduct was not, in fact, illegal.").

Mauler alleged that Batten and Czach caused Anne Arundel county police officers to arrest Mauler without probable cause while she was protesting the Board's alleged mistreatment of transgender individuals outside the Board's central office on June 23, 2015. Mauler, a longtime Board employee who was nearing retirement, alleged that she chose that date for her protest because most Board employees were off for the summer. She chose the location of her protest—an area under trees approximately 75 to 100 feet from the main entrance to the office—because union members had previously protested there without incident.

According to the complaint, Czach—who had allegedly tormented Mauler for years because of Mauler's transgender status—saw Mauler setting up the items for her protest, which included a sign stating "AACPS is transphobic." (J.A. 9).[2] Czach did not speak to Mauler. Shortly after Mauler began her protest by singing songs, Batten approached her, demanded that she move her protest to the public sidewalk abutting the Board's property, and threatened her with arrest if she did not move. Mauler declined to move and stated her belief that she had a right to protest where she was. Batten walked away without directly responding.

Approximately three to five minutes later, two police officers approached Mauler and told her that she was under arrest for trespass. When Mauler told the officers that she

_____

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

would obey a lawful order to move, Batten told the officers that he wanted Mauler arrested. The officers arrested Mauler while several Board employees, including Czach, watched. The officers charged Mauler with wanton trespass on private property, in violation of Md. Code. Ann., Crim. Law § 6-403 (2012). The charge was ultimately dismissed.[3]

The district court found that Mauler failed to adequately plead that Czach caused Mauler's allegedly unlawful arrest. We agree and therefore affirm the portion of the district court's order dismissing the claims against Czach.

The district court dismissed the claims against Batten on the ground that Mauler's arrest was lawful because the officers had probable cause to arrest Mauler for refusal or failure to leave a public building or grounds, in violation of Md. Code Ann., Crim. Law § 6-409(b) (2012). Section 6-409 provides:

> A person may not refuse or fail to leave a public building or grounds, or a specific part of a public building or grounds, during regular business hours if:
>> (1) the surrounding circumstances would indicate to a reasonable person that the person who refuses or fails to leave:
>>> (i) has no apparent lawful business to pursue at the public building or grounds; or
>>> (ii) is acting in a manner disruptive of and disturbing to the conduct of normal business by the government unit that owns, operates, or maintains the public building or grounds; and

---

[3] The parties agree that the officers lacked probable cause to arrest Mauler for wanton trespass on private property.

(2) an authorized employee of the government unit asks the person to leave.

§ 6-409(b).

> The Court of Special Appeals of Maryland, construing the statutory precursor to § 6-409, has held that "lawful business" includes "any constitutionally protected activity." But it also cautioned that a property's "public character . . . does not grant to individuals a license to engage in activities which disrupt the activities to which those facilities are dedicated."

*McClure*, 914 F.3d at 874 (quoting *Kirstel v. State*, 284 A.2d 12, 16 (Md. Ct. Spec. App. 1971)); *see Kirstel*, 284 A.2d at 17 ("[T]he freedoms of speech and assembly may not be exercised on public property without regard to its primary usage.").

The district court concluded that, under the facts alleged in the complaint, the arresting officers had probable cause to believe that Mauler violated § 6-409(b) by disobeying Batten's directive to leave because Mauler was not pursuing business related to the administration of public education. But the district court did not find that Mauler's protest was not constitutionally protected activity, which is lawful business for purposes of § 6-409(b). Nor did the district court find that, assuming the truth of the facts alleged in the complaint, a reasonable person would conclude that Mauler was disrupting the conduct of normal business at the Board's office. We therefore conclude that the complaint sufficiently pled that Batten caused the officers to arrest Mauler without probable cause and that the district court erred by dismissing Mauler's First and Fourth Amendment claims against Batten.

Accordingly, we vacate that portion of the district court's opinion and remand the case to the district court for proceedings consistent with this opinion. We dispense with

6

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
