**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4263**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHAN WALLACE BARE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00447-WO-1)

Submitted:  November 12, 2020                     Decided:  December 3, 2020

Before KEENAN, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina, for Appellant.   Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Wallace Bare entered a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(1), reserving the right to appeal the district court's denial of his motion to suppress evidence seized during a traffic stop. The district court denied the motion to suppress, finding probable cause existed to initiate the stop. We affirm.

In considering an appeal of the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Khweis*, 971 F.3d 453, 459 (4th Cir. 2020). In addition, "[w]hen a suppression motion has been denied, [we] review[] the evidence in the light most favorable to the [G]overnment." *United States v. Abdallah*, 911 F.3d 201, 209 (4th Cir. 2018) (internal quotation marks omitted).

A traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Accordingly, when an officer observes even a minor traffic offense, a stop of the vehicle is permitted. *United States v. Williams*, 740 F.3d 308, 311-12 (4th Cir. 2014).

It is undisputed that Bare's vehicle crossed into the oncoming lane of traffic while Bare was making a left turn and that the vehicle crossed the center line a second time while traveling on National Boulevard. North Carolina law requires that a vehicle maintain its lane of travel except when an obstruction necessitates driving left of center. N.C. Gen. Stat. § 20-146 (2019). Bare asserts that he did not violate N.C. Gen. Stat. § 20-146 because

2

a significant snowfall made road conditions such that he could not drive without crossing the center line. Although it had snowed approximately 8 to 10 inches the day before, the officer testified that the road conditions on National Boulevard were not hazardous and did not require a vehicle to cross the center line. Further, the district court found the officer to be a credible witness. *See United States v. Patiuka*, 804 F.3d 684, 689 (4th Cir. 2015) (stating that credibility determination made at pretrial suppression hearing entitled to "particular deference" (alterations and internal quotation marks omitted)). Bare did not provide any evidence that discredited the officer's testimony, nor did he provide any evidence of the road conditions on National Boulevard at the time of the traffic violation that contradicted the officer's testimony. Therefore, the district court did not err in denying Bare's motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3