**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4559**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY DWAYNE JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:22-cr-00137-1)

Submitted:  April 30, 2024                          Decided:  May 7, 2024

Before WYNN and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Brian D. Parsons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Dwayne Jones pled guilty to possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1).  Jones expressly conditioned the plea on his right to appeal the district court's order denying his motion to suppress.  The court sentenced Jones to 57 months' imprisonment.  On appeal, Jones challenges the district court's denial of his motion to suppress arguing that the police officer who stopped Jones for speeding did not have probable cause, so the evidence found during the subsequent search of Jones' car was inadmissible.  (Appellant's Br. (ECF No. 10) at 6).  Finding no error, we affirm.

When considering a district court's denial of a suppression motion, we "review legal conclusions de novo and factual findings for clear error [and] . . . consider the evidence in the light most favorable to the Government."  *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (citation and internal quotation marks omitted).  "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress."  *Id.* (internal quotation marks omitted).  Under the clear error standard, factual findings by the district court may be reversed only if this Court "is left with the definite and firm conviction that a mistake has been committed."  *United States v. Sowards*, 690 F.3d 583, 587 (4th Cir. 2012) (cleaned up).

Jones argues that the district court erred in finding that the police officer had probable cause to stop Jones' vehicle for speeding.  Specifically, he contends that the court erred in finding that the officer's pacing method was a reliable indicator of Jones' speed.

2

"A traffic stop constitutes a seizure under the Fourth Amendment and is thus subject to a reasonableness requirement." *United States v. Perez*, 30 F.4th 369, 374 (4th Cir. 2022) (cleaned up). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Probable cause exists if the officer "had reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." *United States v. Williams*, 740 F.3d 308, 312 (4th Cir. 2014) (cleaned up), *abrogated on other grounds, Hein v. North Carolina*, 574 U.S. 54 (2014).

In *Sowards*, we determined that an officer's visual estimation that a vehicle is traveling slightly above the legal speed limit "requires additional indicia of reliability to support probable cause." 690 F.3d at 592. The reasonableness of the officer's visual estimate may be supported by pacing methods. *Id.* Here, the officer observed that Jones' vehicle appeared to be traveling above the legal speed limit, and the officer paced the vehicle for several miles. The district court determined that the officer's speed-gauging methods were reliable. We conclude that this determination was not clearly erroneous and that the court therefore did not err in denying Jones' motion to suppress on the ground that the officer had probable cause to initiate a traffic stop.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*